JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Angelo Martin, appeals the decision of the Cuyahoga County Common Pleas Court which upheld the decision of the City of Cleveland Board of Zoning Appeals finding appellant in violation of Cleveland Codified Ordinances 327.02(c), 345.01 and345.02. For the reasons that follow, we affirm.
Appellant is the owner of property located at 4201 Jennings Road, Cleveland, Ohio. On May 11, 1996, the City of Cleveland, pursuant to Ord. No. 1252-95, rezoned the district in which appellant's property is located from General Industry to Residence-Industry.
On December 30, 1997, the City of Cleveland cited appellant for violations of Cleveland Codified Ordinances 327.02(c), 345.01
and 345.02, alleging that appellant had failed to obtain a Certificate of Occupancy and that he was improperly using his property for the outdoor storage of construction material, pipes, brick, wood and debris.
On January 8, 1998, appellant appealed from the notice of violation to the Board of Zoning Appeals. The Zoning Appeals Board held a hearing regarding appellant's appeal on March 23, 1998.
Jim Kocian, Chief Building Inspector, testified at the hearing that he had inspected appellant's property in response to numerous complaints from residents of the Lake Ridge Townhouses, which are located on a hill overlooking appellant's property. Kocian testified that he cited appellant because he found "building and construction and related material" on appellant's property. Kocian testified further that appellant's property had previously been cited for having junk cars and "related material", on it, but that the violations had been corrected when the cars and related debris were removed. Kocian also testified that he took pictures of appellant's property on March 20, 1998. The seven, pictures, which were admitted into the record, showed construction material stored on the premises.
Michael Gaeta, a member of the Zoning Board staff, testified that the district in which appellant's property was located had originally been zoned General Industry but was rezoned to Residence-Industry on May 11, 1996. Gaeta testified further that his search of the records relating to appellant's property revealed that only one permit had ever been issued for the property: Building Permit No. M33293, issued May 8, 1974, for the construction of a one-story storage building.
Appellant testified that he is in the excavating business and uses the property to store material for his business. Appellant testified that his parents owned the property before he purchased it in 1987. Appellant testified that his father was in the cement contracting business and stored forms, concrete and construction equipment on the property. According to appellant, there was an auto wrecking yard on the property before his father began using it. Appellant stated, "the point I would like to try to get across here is that for 20-odd, 30 years, my parents and I have used this yard as a storage yard."
Neither appellant nor appellee offered any other testimony or evidence to the Board. The transcript of the hearing indicates that the remainder of the hearing consisted of statements and arguments of counsel and colloquy with the Board of a non-testimonial character.
At the conclusion of the hearing, the Zoning Appeals Board advised appellant that it was denying his appeal. The Appeals Board further advised appellant, however, that he could continue to use his property for storage of material related to his business if the materials were contained in a building, as required in a Residence-Industry district.
On March 30, 1998, the Zoning Appeals Board issued a resolution refusing appellant's appeal. The resolution provided, in pertinent part:
 WHEREAS, after due consideration of the testimony submitted at the said hearing, the Board finds that the appeal should be refused for the reason that the property is located in a Residence Industry District, which district does not permit outdoor storage; that although the appellant has owned the property since 1987, no Certificate of Occupancy for said outdoor storage has been issued.
Appellant timely appealed the decision of the Board of Zoning Appeals to the Cuyahoga County Common Pleas Court. On September 28, 1998, the trial court affirmed the decision of the Board of Zoning Appeals, finding that "the decision of the Cleveland Board of Zoning Appeals was substantiated by the preponderance of substantial, reliable and probative evidence on the whole record, and was not unconstitutional, illegal, arbitrary, capricious or unreasonable."
Appellant timely appealed this decision, assigning five assignments of error for our review.
In Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court set forth the appropriate standard of review:
 In an R.C. Chapter 2506 administrative appeal of a decision of the board of zoning appeals to the common pleas court, the court, pursuant to R.C. 2506.04, may reverse the board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.
With this standard in mind, we address appellant's assignments of error.
 I. ACCORDING TO THE APPROPRIATE SCOPE OF REVIEW, THE TRIAL COURT ERRED WHEN IT FAILED TO REVERSE THE BOARD OF ZONING APPEALS AS TO ALL ASSIGNMENTS OF ERROR.
In his first assignment of error, appellant contends that the trial court's decision finding that the decision of the Cleveland Board of Zoning Appeals "was substantiated by the preponderance of substantial, reliable and probative evidence" was in error because the City did not present any evidence to the Appeals Board that appellant's use of his property was unlawful. Therefore, appellant contends, there was no evidence, much less "substantial, reliable and probative evidence" to support the decision of the Board of Zoning Appeals. Appellant's argument is without merit.
In an appeal taken pursuant to R.C. Chapter 2506, the decision of the administrative board is presumed valid and the burden of demonstrating the claimed invalidity rests upon the party contesting the determination. Calta v. Highland Hts. (Mar. 19, 1998), Cuyahoga App. No. 72469, unreported, citing ConsolidatedMgmt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238; C. MillerChevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.
Accordingly, the fact that the City did not introduce any evidence to show that appellant's use of his property was unlawful is not dispositive of the trial court's decision. Rather, it was incumbent upon appellant to demonstrate to the trial court why the decision of the Zoning Appeals Board was in error. As set forth in our analysis of appellant's second and fourth assignments of error, appellant did not do so.
Appellant's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE BOARD OF ZONING APPEALS AND FAILED TO RECOGNIZE PLAINTIFF'S USE OF THE SUBJECT PROPERTY AS A PRIOR NONCONFORMING USE, THEREBY CONSTITUTING AN EXCEPTION TO THE ZONING ORDINANCES OF THE CITY OF CLEVELAND.
 IV. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE BOARD OF ZONING APPEALS WHICH DENIED PLAINTIFF USE OF HIS PROPERTY DESPITE THE FACT THAT THE USE OF THE LOT WAS LEGALLY WITHIN THE PROVISIONS OF THE ZONING CODE IN EFFECT AT THE TIME THE USE BEGAN.
In his second and fourth assignments of error, appellant argues that the trial court erred in affirming the decision of the Zoning Appeals Board finding that the use of his property for outdoor storage was in violation of Cleveland Codified Ordinances345.01 and 345.02.
Cleveland Codified Ordinance 345.01 defines a Residence-Industry district as:
 an industrial area controlled with respect to character of occupancy, manufacturing processes, provision for off-street parking and off-street loading, location of driveways, setbacks from residential boundary lines and from residential streets and treatment of such setback open spaces, so as to protect the character of any adjoining or adjacent residential area.
Cleveland Codified Ordinance 345.02 defines various permitted uses in a Residence-Industry district, provided that "all materials are stored inside buildings."
Appellant argues that the trial court erred in affirming the Board's decision finding him in violation of the above-cited ordinances because the use of his property for outdoor storage on May 11, 1996, when the zoning was changed from General Industry to Residence-Industry, was lawful. Therefore, appellant contends, his prior use constitutes a valid nonconforming use to which the new zoning restrictions may not be applied.
The Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution recognize a right to continue a given use of real property if such use is already in existence at the time of the enactment of a land use regulation forbidding or restricting the land use in question. Dublin v.Finkes (1992), 83 Ohio App.3d 687, 690, citing Akron v. Chapman
(1953), 160 Ohio St. 382, paragraph two of the syllabus. Further, with respect to land use regulations enacted as part of a municipal zoning code, Ohio has codified the protection conferred upon such nonconforming uses in R.C. 303.19:
 The lawful use of any dwelling, building or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with the provisions of such resolution or amendment * * *.
The City itself recognizes this protection in Cleveland Codified Ordinance 359.01, which provides that "a use of building or land lawfully existing on the effective date of this Zoning Code or of any amendment or supplement thereto, * * * may be continued even though such use does not conform to the provisions of this Zoning Code for the district in which it is located * * *."
In order to qualify as a prior nonconforming use, a land use must meet two requirements. Initially, the use must have been in existence prior to the enactment of the prohibitory land use regulation. Dublin, supra at 690. Further, the land use in question must have been lawful when commenced. Pschesang v.Terrace Park (1983), 5 Ohio St.3d 47, syllabus. "Stated another way, the use in question must have been in full accordance with all applicable land use regulations in effect when the activity was begun." Dublin, supra. A use not permitted by the applicable zoning ordinance when the use was established does not constitute a nonconforming use. Pschesang, supra.
Appellant argued to both the Board of Zoning Appeals and the Common Pleas Court that the use of his property for outdoor storage was a preexisting nonconforming use to which the new Residence-Industry zoning regulations did not apply. Accordingly, it was incumbent upon appellant to demonstrate that: 1) his property was used for outdoor storage prior to the enactment of the new zoning regulations on May 11, 1996; and 2) the use was in accordance with all applicable land use regulations in effect when the activity was commenced.[1]
There is no question that appellant demonstrated to the Board that he was using his property for outdoor storage prior to May 11, 1996, when the zoning regulations were changed. Appellant failed to demonstrate, however, that his use of the property for outdoor storage was legal when the use began.
On June 25, 1951, the Council of the City of Cleveland amended Section 981-13 of the Codified Ordinances of the City of Cleveland, regarding permitted uses in a General Industry District. As amended, Section 981-13 provided that the outdoor storage of "second-hand lumber or other used building material, junk, paper, rags, unrepaired or uncleaned containers or other salvaged articles" in a General Industry District was allowed, "provided such uses [were] enclosed within a ten-foot high solid masonry wall." On June 1, 1970, the Council renumbered Section 981-13 to Section 5.1116 and changed the requirement of a ten-foot high masonry wall to enclose open yard storage to a seven-foot high solid masonry wall. On September 23, 1987, Section 5.1116 was renumbered to Section 345.04. Although other provisions of the section were amended, the requirement of a seven-foot high solid masonry wall to enclose open yard storage remained intact. Section345.04 was amended again in 1990 and 1997. Neither of these amendments changed the requirement that outdoor storage in a General Industry District be enclosed by a seven-foot high masonry wall.
Appellant acquired the property from his parents in 1987, when the property was zoned General Industry. It is apparent from the history of Section 345.04 that the zoning restrictions in effect when appellant acquired the property mandated that the property be enclosed with a seven-foot high wall if appellant used the property for outdoor storage. Appellant offered no evidence to the Board of Zoning Appeals, however, that his property was ever enclosed by a wall.
Instead, appellant contends that because his property was "always" used for outdoor storage under the prior General Industry zoning, his similar use of the property for outdoor storage was necessarily legal. In the hearing before the Board of Zoning Appeals, appellant testified that before he purchased the property in 1987 and began using it to store materials for his excavating business, his father used the property to store concrete and construction material. Prior to that, appellant testified, the property had been used as an auto wrecking yard.
As noted above, however, the zoning ordinances in effect from as early as 1951 required that any outdoor storage on property in a General Industry District be enclosed by a ten-foot and subsequently a seven-foot high wall. Moreover, as early as 1970, "the operation of wrecking or dismantling of motor vehicles, or the storage of motor vehicles pending wrecking" on property in a General Industry District required a minimum 50,000 square foot lot enclosed within a seven foot high wall. See Cleveland Codified Ordinance Section 5.1116. Appellant offered no evidence to the. Board, however, that any of the prior owners of the property, including his parents, complied with the applicable General Industry zoning regulations. Thus, the fact that previous owners of the property used the property for outdoor storage, most likely in violation of the zoning ordinances, does not demonstrate that appellant's similar use of the property was in compliance with the zoning regulations.
In summary, although appellant had the burden of showing that his use of the property was lawful, he failed to demonstrate that his use of the property for outdoor storage was legal when the use began, or even in May 1996, when the zoning regulations changed. Accordingly, appellant failed to demonstrate that his use of the property for outdoor storage was a preexisting nonconforming use to which the new Residence-Industry zoning regulations do not apply. The trial court did not err, therefore, in affirming the decision of the Board of Zoning Appeals.
Appellant's second and fourth assignments of error are overruled.
 III. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE BOARD OF ZONING APPEALS WHICH FOUND THAT FAILURE TO OBTAIN A CERTIFICATE OF OCCUPANCY PRECLUDES PLAINTIFF FROM HAVING A VALID, NONCONFORMING USE EXCEPTION OF THE ZONING ORDINANCE.
 V. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE BOARD OF ZONING APPEALS WHICH FOUND THE CITY OF CLEVELAND ORDINANCE 327.02 APPLIED TO THE USE OF THE PROPERTY WHEN THERE WAS NO CHANGE IN THE PROPERTY'S USE DURING ANY OF THE RELEVANT TIME PERIOD.
In his third and fifth assignments of error, appellant contends that the trial court erred in affirming the decision of the Board of Zoning Appeals that appellant had failed to obtain a Certificate of Occupancy in violation of Cleveland Codified Ordinance 327.02(c).
Cleveland Codified Ordinance 327.02(c) provides:
 There shall be no change or substitution in the use of any existing building or premises and no extension of any existing use, nor shall any premises be occupied for any new use, until a certificate of occupancy has been issued.
Appellant contends that Cleveland Codified Ordinance 327.02
only requires a certificate of occupancy when there has been a change in use. Therefore, appellant contends, because he always used his property for outdoor storage, and there was no change in his use of the property since he acquired it in 1987, he was not required to obtain a certificate of occupancy. In addition, appellant contends that the Board erroneously decided that outdoor storage on his property was not a prior nonconforming use merely because he failed to obtain a certificate of occupancy.
The City, on the other hand, argues that the Zoning Appeals Board did not uphold the violation notice because appellant failed to obtain a certificate of occupancy. Rather, the City contends, a certificate of occupancy is merely one method of registering a non-conforming use when zoning regulations are changed. Thus, because appellant did not produce a certificate of occupancy at the hearing before the Zoning Appeals Board and failed to prove by any other means that his use was a prior nonconforming use, the Board properly found that appellant's use of his property for outdoor storage in a Residence-Industry district was invalid. In addition, the City argues that the building inspector properly cited appellant's property for a change of use after he discovered that the storage building on the property had been removed.
We reject both appellant's and appellee's arguments, but conclude that the trial court properly affirmed the decision of the Zoning Appeals Board finding that appellant was in violation of Cleveland Codified Ordinance 327.02(c) for his failure to procure a certificate of occupancy for his property.
Contrary to the City's argument, Jim Kocian, the building inspector, did not testify that he cited appellant for a violation of Cleveland Codified Ordinance 327.02(c) after he discovered that the storage building on the property had been removed. Rather, Kocian testified that he inspected appellant's property in response to complaints that he had received regarding appellant's property. Kocian did not mention the storage building at all in his testimony. Thus, there is no evidence in the record to support the City's argument that appellant was cited for a change of use after the inspector discovered that the outdoor storage building had been removed from appellant's property. Indeed, there is no evidence in the record that the storage building was ever built or that appellant tore it down.
Moreover, contrary to the City's argument, the Zoning Appeals Board clearly upheld the violation, in part, because appellant failed to obtain an occupancy permit. The resolution of the Board refusing appellant's appeal stated, in part, "although the appellant has owned the property since 1987, no Certificate of Occupancy for said outdoor storage has been issued." The Board found, therefore, that appellant's failure to obtain a certificate of occupancy for his property was a violation of Cleveland Codified Ordinance 327.02(c).
The Board did not, however, as appellant contends, decide that appellant's use of his property for outdoor storage was not a preexisting nonconforming use merely because he failed to obtain a certificate of occupancy. Rather, the Board stated, "after due consideration of the testimony submitted at the hearing, the Board finds that the appeal should be refused for the reason that the property is located in a Residence-Industry district, which district does not permit outdoor storage." Thus, as noted in our discussion regarding appellant's second and fourth assignments of error, the Board properly determined that appellant had failed to demonstrate that the use of his property for outdoor storage was a preexisting nonconforming use to which the new zoning regulations did not apply.
Our review of the record demonstrates that there was a preponderance of evidence to support the trial court's determination that the Zoning Appeals Board properly found that appellant was in violation of Cleveland Codified Ordinance327.02(c) for his failure to obtain a certificate of occupancy for outdoor storage on his property. Appellant testified that before he purchased the property in 1987, his father used the property to store construction equipment and concrete. After he bought the property, appellant used it to store materials for his excavating business. Appellant's use of the property, therefore, differed from that of his father and necessitated a certificate of occupancy.
Moreover, Jim Kocian testified that appellant's property had previously been cited for having junk cars and "related material" on it, but that the violations had been corrected when the cars and related debris were removed. Kocian's testimony is evidence that the use of appellant's property changed at various times, thereby necessitating a certificate of occupancy pursuant to Cleveland Codified Ordinance 327.02(c). Appellant offered no evidence to rebut Kocian's testimony.
Accordingly, the trial court did not err in finding that the decision of the Zoning Appeals Board was supported by a preponderance of substantial, reliable and probative evidence. Appellant's third and fifth assignments of error are therefore overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE JUDGE
O'DONNELL. P.J. and KARPINSKI, J., CONCUR.
[1] The lawfulness of the nonconforming use is not, as the City contends, determined as of the date of rezoning. Rather, "a use of property must be lawful at the time the use was established in order to qualify as a nonconforming use." Pschesang, supra at 49-50.