PSCHESANG, APPELLANT, *v.* VILLAGE OF TERRACE PARK ET AL., APPELLEES.

[Cite as Pschesang *v.* Terrace Park (1983), 5 Ohio St. 3d 47.]

(No. 82-870—Decided May 18, 1983.)

48

*Messrs. Davis, Hengelbrok & Sachs* and *Mr. Robert K. Sachs,* for appellant.

*Messrs. Gehrig, Parker & Baldwin* and *Mr. David N. Parker,* for appellees.

CELEBREZZE, C.J. The issue presented is whether appellant's use of the property constitutes a nonconforming use. For the reasons that follow, we conclude that appellant's use was illegal under the zoning ordinance in existence when he purchased the property and began using it as a dentist's office and consequently, it did not constitute a nonconforming use when he subsequently applied for a building permit.

In discussing a nonconforming use, this court has stated that there is a "* * * right to continue the use of one's property in a lawful business and in a manner which does not constitute a nuisance and *which was lawful at the time such business was established* * * *." (Emphasis added.) *Akron* v. *Chapman* (1953), 160 Ohio St. 382 [52 O.O. 242], paragraph two of the syllabus. According to this definition, a nonconforming use must be based upon a use which was lawful when it was established.

The zoning ordinances of Terrace Park, which apply to the subject property, provide for nonconforming uses in Chapter 1161 of the Terrace Park ordinances. Section 1161.01 states that:

---

[1] Although "resident physician" is not defined in the Terrace Park ordinances, appellant did not argue that his dentist's office qualifies as a physician's office. Because he did not assert that a physician's and a dentist's offices are similar for zoning purposes and his complaint did not allege that the ordinance was unconstitutional on its face, this issue was not considered.

"(a) Any use existing at the time of the passage of this Zoning Ordinance (October 19, 1963), may be continued, even though such use does not conform with the provisions of this Zoning Ordinance for the district in which it is located. Such existing nonconforming use may be hereafter extended throughout any parts of a building which were manifestly arranged, designed or intended for such use at the time of passage of this Zoning Ordinance (October 19, 1963).

"* * *

"(b)    * * *

"* * * *Nothing* in this section *shall be interpreted as* authorization for or *approval* of the continuance *of the use* of a building or premises *in violation of zoning regulations in effect at the time such use was begun.* * * *" (Emphasis added.)

Although this section allows for nonconforming uses, it clearly does not authorize the continuation of a use which did not comply with the zoning regulations in existence when the use began.[2] This position is in accord with the statute concerning nonconforming uses. The pertinent part of R.C. 713.15 provides that "[t]he lawful use of any dwelling, building, or structure and of any land or premises, as existing and *lawful at the time of enacting a zoning ordinance or amendment* thereto, may be continued, although such use does not conform with the provisions of such ordinance * * *." (Emphasis added.)

Thus, the local zoning ordinance, the Revised Code, and the common law are consistent and require that a use be lawful at the time it was established in order to constitute a nonconforming use. Applying this principle to the case *sub judice,* the zoning ordinance in effect when appellant purchased the property did not permit a dentist's office in the Residence A district. As a purchaser, appellant had the responsibility to check the compatibility of the zoning restrictions and his intended uses. Because the zoning allowed for the office of a resident physician, appellant's use as a dentist's office was in violation of the zoning ordinance.[3] Therefore, the use was not lawful when it was established and cannot constitute a nonconforming use because Section 1161.01(b) specifically denies nonconforming use status to a use "in violation of zoning regulations in effect at the time such use was begun."

We hold that a use of property must be lawful at the time the use was

---

[2] A nonconforming use is included in the definitions in Chapter 1119 of the Terrace Park ordinances. Section 1119.18 provides that a "nonconforming use" means "the use of any premises contrary to the provision of this Zoning Ordinance for the district in which the premises are located. * * *" This definition must be read in a context of Chapter 1161 which sets forth the regulations for nonconforming uses. Thus, a use which was lawful when it was established may qualify under this definition as a nonconforming use and be entitled to the protections in Section 1161.01(a).

[3] Furthermore, appellant abandoned the use of the premises as a residence in 1966. Clearly, his use of the premises solely as an office does not meet the residence requirement of the permitted use as a *resident* physician's office.

established in order to qualify as a nonconforming use. Therefore, a use not permitted by the applicable zoning ordinance when the use was established does not constitute a nonconforming use. We agree with the court of appeals that appellant failed to establish a nonconforming use which is a necessary predicate for challenging the denial of the building permit or the constitutionality of the ordinance.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. Brown, Sweeney, Locher and J. P. Celebrezze, JJ., concur.

Holmes, J., concurs separately.

C. Brown, J., dissents.

Holmes, J., concurring in judgment. I concur, but only in the judgment, in that the use of the premises involved here, even though the use as a dental office be concluded to have been lawful prior to 1966, it became unlawful at the time when Dr. Pschesang abandoned the use of the property as his residence. Thereafter, the use could not be considered nonconforming, but was unlawful.

Clifford F. Brown, J., dissenting. This court and the court of appeals conclude that Dr. Pschesang's use of the building at 406 Western Avenue was illegal from initial occupancy, and therefore cannot be considered a "nonconforming use." Because I disagree with the conclusion, I must dissent.

Whether Dr. Pschesang established a "nonconforming use" in Terrace Park must be determined under the village zoning ordinance. The majority improperly relegates a discussion of this issue to footnote 2. This ordinance, however, lies at the very heart of the present case and a thorough analysis of its provisions should have been undertaken.

Section 1119.18 of the zoning ordinance defines "nonconforming use" as "the use of any premises contrary to the provision of this Zoning Ordinance for the district in which the premises are located." Under this broad definition, which omits any reference to prior conformance of the use to zoning law, Dr. Pschesang's dental office constituted a valid "nonconforming use" as that term is defined in the village zoning ordinance.

Given a nonconforming use, I would reach the issue whether the village zoning ordinance unreasonably limits the extension of such occupancies. Section 1161.01 places a ban on enlargement of any building containing a nonconforming use unless the purpose of the structural change is one permitted under the zoning ordinance. In effect, the village has legislated an absolute ban against expansion of nonconforming uses. Such a ban, in my view, un-

constitutionally deprives Dr. Pschesang of vested property rights and unreasonably limits extension of a nonconforming use in violation of R.C. 713.15. Therefore, the decision of the court of appeals should be reversed, the village zoning ordinance declared unconstitutional as applied to Dr. Pschesang, and an order be entered directing that a permit to enlarge the structure at 406 Western Avenue be issued.