**CITY OF DUBLIN, Appellee,**

v.

**FINKES, Appellant.**

[Cite as *Dublin v. Finkes* (1992), 83 Ohio App.3d 687.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–792 to 92AP–797.

Decided Nov. 17, 1992.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Antonio B. Paat, Jr.,* Assistant City Prosecutor, for appellee.

*Shuler, Plank, Morgan & Brahm* and *Gordon P. Shuler,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Carol L. Finkes, appeals from judgments of the Franklin County Municipal Court finding her guilty of six zoning violations.

Defendant owns certain real property, together with the building and equipment thereon, located on Riverside Drive in an area within the current borders of plaintiff-appellee, city of Dublin, Ohio ("city"). From this location defendant operates a retail establishment known as "The Bait Store" from which she engages in a variety of business activities, including the sale of fishing bait, the operation of a gasoline station and carryout, the sale of local in-season produce, and the operation of a small auto parts salvage business.

The Bait Store has been in business at its current location for more than forty years, and has been operated essentially as it is now since at least 1952 when the property and business were purchased by defendant's parents. More recently, the area in which defendant's store is located was annexed by the city. Subsequently, the city zoned the area a residential district and enacted various zoning ordinances applicable to the area.

On August 29, 1991, a Dublin code enforcement officer issued defendant eight complaints for alleged violations of the Dublin Zoning Ordinance ("D.Z.O."): (1) erecting a neon sign in violation of D.Z.O. 1189.04(d); (2) erecting a sign without a permit in violation of D.Z.O. 1189.09(a); (3) displaying prohibited signs in violation of D.Z.O. 1189.04(f); (4) erecting signs without a permit in violation of D.Z.O. 1189.04; (5) parking or storing an inoperable motor vehicle on the property in violation of D.Z.O. 1193.08; (6) having a charity drop box on the property in violation of D.Z.O. 1147.01; (7) having an unscreened dumpster on the property in violation of D.Z.O. 1187.04(c); and (8) permitting the accumulation of trash and debris on the property in violation of D.Z.O. 1193.04(c) (hereinafter Complaints 1, 2, 3, 4, 5, 6, 7, and 8, respectively).

On April 30, 1992, a bench trial was held, throughout which defendant acted without counsel. At the conclusion of the trial, defendant was convicted on Complaints 1, 2, 3, 4, 6 and 7 and acquitted on Complaints 5 and 8. Defendant appeals therefrom, assigning the following errors:

"Assignment of Error No. I

"Defendant's conviction in case No. 70242–1 is contrary to law because defendant has the legal right to continue the use of a neon beer sign in her store window as a legal, non-conforming use.

"Assignment of Error No. II

"Defendant's conviction in case No. 70242–2 is contrary to law because defendant has the legal right to continue the use a neon beer sign in her store window as a legal, non-conforming use, and had no obligation to obtain a permit for that sign.

"Assignment of Error No. III

"Defendant's conviction in case No. 70242–3 is contrary to law because defendant has the legal right to continue the use of pennants at her store as a legal, non-conforming use.

"Assignment of Error No. IV

"Defendant's conviction in case No. 70242–4 is contrary to law because defendant has the legal right to continue the use of various signs (live bait, hours of operation, vegetable stand, ice machine, etc.) relative to her use of the property as a bait store as a legal, non-conforming use.

"Assignment of Error No. V

"Defendant's conviction in case No. 70242–6 is contrary to law because defendant has the legal right to continue to use a charity drop-box structure at her store as a legal, non-conforming use.

"Assignment of Error No. VI

"Defendant's conviction in case No. 70242–7 is contrary to law because the Dublin city ordinance under which she was cited, § 1187.04(c), Codified Ordinances of Dublin, does not apply to defendant's property, and because there was a failure of proof."

Each of defendant's first five assignments of error raises the same two issues: (1) was defendant's activity a prior nonconforming use?; (2) if so, does the activity's status as a prior nonconforming use immunize it from the relevant provisions of the Dublin zoning ordinances?

■ The Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution recognize a right to continue a given use of real property if such use is already in existence at the time of the enactment of a land use regulation forbidding or restricting the land use in question. *Akron v. Chapman* (1953), 160 Ohio St. 382, 52 O.O. 242, 116 N.E.2d 697, paragraph two of the syllabus. Further, with respect to land use regulations enacted as part of a municipal zoning code, Ohio has codified in R.C. 713.15 the protection conferred upon such nonconforming uses:

"The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment * * *."

The city itself recognizes the same in D.Z.O. 1121.03(c).

■ In order to qualify as a prior nonconforming use, a land use must meet two requirements. Initially, the use must have been in existence prior to the enactment of the prohibitory land use regulation or the extension of the regulation to newly annexed territory. In this case, the prosecutor stipulated at trial that the activities for which defendant was convicted have been in existence since before the property was annexed by the city.

Further, in order to qualify as a nonconforming use, the land use in question must have been "lawful" when commenced. *Pschesang v. Terrace Park* (1983), 5 Ohio St.3d 47, 5 OBR 104, 448 N.E.2d 1164, syllabus. Stated another way, the use in question must have been in full conformance with all applicable land use regulations in effect when the activity was begun. The city now argues, for the first time, that defendant failed to establish this requirement at trial. While the evidence presented by defendant at trial is not as precise as it might have been had defendant been informed at trial of the city's contentions, defendant's evidence is sufficient to meet the second requirement for a prior nonconforming use.

■ The city submits that even if defendant's activities are nonconforming uses, they are still subject to the zoning ordinances at issue herein, which were enacted as a proper exercise of the municipal police power. However, the city's argument construes the rule upon which it relies too broadly. All valid municipal zoning ordinances involve the proper exercise of the municipal police powers. *Garcia v. Siffrin* (1980), 63 Ohio St.2d 259, 17 O.O.3d 167, 407 N.E.2d 1369. Therefore, if this court were to accept the city's argument, the protection afforded to nonconforming uses by the Constitution, statute and ordinances would be vitiated. See *Akron v. Chapman, supra*, 160 Ohio St. at 387, 52 O.O. at 245, 116 N.E.2d at 699.

■ Nonetheless, certain municipal police power regulations or ordinances may be applied retroactively even to nonconforming uses. However, this exception applies to those regulations or ordinances which are based upon " * * * a factual determination that the continued use of the property without improvement immediately and directly imperils the public health * * * [or] safety * * *." *Gates Co. v. Columbus Hous. Appeals Bd.* (1967), 10 Ohio St.2d 48, 52, 39 O.O.2d 42, 44, 225 N.E.2d 222, 225; and, see, *Akron v. Klein* (1960), 171 Ohio St. 207, 214, 12 O.O.2d 331, 335, 168 N.E.2d 564, 569; *Akron v. Chapman, supra*. The distinction is not whether the ordinance is part of a building or fire code, rather than part of a zoning code; instead, the critical factor is whether the ordinance was intended to address a problem which poses an immediate and direct threat to public safety, rather than aesthetic concerns. Cf. *Gates, supra*. Thus, in *Sun Oil Co. v. Upper Arlington* (1977), 55 Ohio App.2d 27, 9 O.O.3d 196, 379 N.E.2d 266, a municipal ordinance prohibiting the display of free-standing signs was not allowed to be applied to service station signs erected prior to the enactment of the ordinance.

■ Each of the zoning ordinances alleged to have been violated in Complaints 1, 2, 3, 4, and 6 has as its primary purpose the aesthetic improvement of the city of Dublin, not the protection of the public health or safety from an immediate or direct threat. Specifically, D.Z.O. 1189.04(d) prohibits the lighting of signs with other than white light within the city of Dublin; D.Z.O. 1189.09(a) prohibits erecting a sign without a permit within the city of Dublin; D.Z.O. 1189.04(f) prohibits the display of pennants, banners or streamers within the city of Dublin; D.Z.O. 1189.04 regulates the size, location and design of signs to be erected within the city of Dublin; and D.Z.O. 1147.01 lists the types of structures which are permitted on property located in a residential district within the city. Defendant's failure to comply with any one, or all of these ordinances, does not present an immediate or direct threat to the public health or safety. Therefore, the application of any of these ordinances to defendant's prior nonconforming use of her property violates her vested rights in the property, as well as R.C. 713.15

and D.Z.O. 1121.03. Defendant's first five assignments of error are therefore sustained.

In her sixth assignment of error, defendant contends that her conviction on Complaint 7 was contrary to law because D.Z.O. 1187.04(c) is inapplicable to her property.

Complaint 7 charged defendant with installing an unscreened trash dumpster on her property in violation of D.Z.O. 1187.04(c). When read in isolation, D.Z.O. 1187.04(c) appears to require all trash dumpsters to be screened. However, the section must be read in conjunction with D.Z.O. 1187.03, which specifies the property to which D.Z.O. Chapter 1187, and therefore D.Z.O. 1187.04(c), applies.

Specifically, D.Z.O. 1187.03 provides for D.Z.O. Chapter 1187 to apply to only two property types: "New Sites" upon which there has been " * * * development or the construction or improvement of any building, structure or vehicular use [area] * * *," and "Existing Sites" upon which a " * * * building, structure, or vehicular use area * * * [has been] constructed or expanded * * *." D.Z.O. 1187.03(a) and 1187.03(b). Defendant's property does not fit within either of these descriptions. The evidence adduced at trial failed to show that defendant has recently developed her property or constructed, improved or expanded any building, structure, or vehicular use area on her property. While the city argues that the installation of the trash dumpster amounted to the installation of a structure under D.Z.O. 1187.03, its argument fails because the Dublin Zoning Code defines a "structure" as " * * * anything constructed or erected, the use of which requires *permanent location on the ground,* or attachment to something having permanent location on the ground * * *." (Emphasis added.) D.Z.O. 2702.26. A trash dumpster by its very nature is mobile, and is not permanently located on the ground or attached to something having permanent location on the ground. D.Z.O. 1187.04(c) is inapplicable to defendant's property. Defendant's sixth assignment of error is sustained.

Accordingly, having sustained all six of defendant's assignments of error, the judgments of the trial court are reversed and these causes are remanded for entry of judgment in accordance herewith.

*Judgments reversed
and causes remanded.*

McCORMAC and BOWMAN, JJ., concur.