[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Monfort Supply Company ("Monfort") appeals from a judgment of the Hamilton County Court of Common Pleas journalized on March 15, 2001. That judgment affirmed the decision of the Hamilton County Board of Zoning Appeals ("the Board") denying Monfort's application for a certificate of nonconforming use.
In 1986 Monfort purchased 3.96 acres of property from the Central Trust Company, which was the executor of the estate of Richard E. Doran. The property is located on North Bend Road in Green Township, Hamilton County, Ohio. It has been zoned "C" residential since November 1952. Since purchasing the property, Monfort has repeatedly sought to use it for commercial purposes.
Monfort had previously sought both a nonconforming-use and a hardship variance from the Board, which denied both requests. The court of common pleas and this court affirmed the board's decision in each of the denials.[1] Monfort had subsequently brought suit seeking a judgment declaring the residential zoning unconstitional as applied to the property. The court of common pleas dismissed the case because Monfort had failed to exhaust its administrative remedies. We affirmed that dismissal.[2]
Monfort's current appeal stems from a second application for a nonconforming-use certificate for the same 3.96-acre tract. Monfort requested the certificate in July 1998, so it could store and repair trucks and equipment on the premises. When the zoning-plans examiner denied its application, Monfort filed an appeal with the Board. The Board dismissed Monfort's appeal on the basis of res judicata. Monfort then appealed to the common pleas court. Monfort claimed that its appeal was not barred by res judicata because it had newly discovered evidence concerning the commercial nature of the property. The common pleas court reversed the Board's decision and remanded the case for an evidentiary hearing. A special public hearing was then held before the Board.
The Board again denied Monfort's application for a nonconforming use. The Board found no evidence of continuous commercial use between 1952 and 1956. Based on its findings, the Board decided that the issue of res judicata was moot. Monfort appealed the Board's decision to the common pleas court, which affirmed. In this appeal, Monfort now raises two assignments of error. Because we find neither assignment to be well taken, we affirm the judgment of the common pleas court.
In its first assignment of error, Monfort contends that the common pleas court's decision was against the manifest weight of the evidence. In its second assignment of error, Monfort argues that the common pleas court's decision violated its due-process rights. Because Monfort raises essentially the same arguments under the assignments of error, we address them together.
We begin our analysis by noting our limited standard of review. In an R.C. Chapter 2506 administrative appeal, we must affirm the decision of the common pleas court unless we conclude, as a matter of law, that the decision "is not supported by a preponderance of reliable, probative and substantial evidence."[3] In our review, we cannot substitute our judgment for that of the administrative agency or the common pleas court.[4]
Monfort argues that the common pleas court erred in affirming the Board's decision, which denied the company a nonconforming-use certificate, because there was evidence that the 3.96-acre tract had been used for commercial purposes in November 1952 when its zoning classification changed to "C" residential. Monfort claims that this prior commercial use constituted a valid nonconforming use. Monfort further claims that its due-process rights were violated because R.C. 303.19
permitted it to resume operating a commercial business on the property as long as it presented evidence that the commercial use had not been discontinued for a period of two years or more. Monfort contends that it presented such evidence.
In Akron v. Chapman,[5] the Ohio Supreme Court stated that theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution recognize a right to continue a given use of real property if such use is already in existence at the time of a land-use regulation forbidding or restricting the land use in question. Ohio has codified this protection in R.C. 303.19. R.C. 303.19 provides that a use may be continued even though it does not conform to a valid zoning resolution.[6] R.C. 303.19 is incorporated into the Hamilton County Zoning Resolution at Section 9-2.2.
A party who asserts the right to a continuation of a nonconforming use must establish (1) that the use existed prior to the effective date of the restrictive ordinance; and (2) that the use when initiated was lawful.[7] If a party proves the existence of a lawful use prior to the effective date of the restrictive ordinance, R.C. 303.19 requires the party to further establish that there was a less than two-year discontinuation of the nonconforming use.
In this case, the Board was presented with conflicting testimony from Monfort's witnesses and from those who opposed its application for a nonconforming use. Based on the testimony and exhibits before it, the Board concluded that it could not find conclusively that the 3.96-acre tract had a commercial use in 1952. The Board further found that even if the property had been used for commercial purposes prior to 1952, there was not a "scintilla of evidence" that the commercial use existed continuously between 1952 and 1986.
The Board deliberated on the record prior to making its decision. In making its decision, the Board relied heavily on the testimony of several witnesses who stated that the 3.96-acre tract was part of a 47-acre tract that had been owned by a man named Doran. Those witnesses further testified that while some of the land had been used for various commercial purposes, including a car dealership, the 3.96-acre tract had been fenced in and used as a pasture for horses and other exotic animals that Mr. Doran had kept on the property. One witness for the opposition even testified that the 3.96-acre tract had a different mailing address from the larger tract. Monfort did not present any witnesses to refute this testimony. Many of the exhibits that Monfort presented to the Board, including car-dealership licenses, contained the address for the larger tract of property rather than the 3.96-acre parcel. The Board also based its decision on aerial photographs of the property, which were taken in 1961 and revised in 1970 and 1975. The photographs showed no commercial activity on the 3.96-acre tract. Thus, the Board concluded that Monfort had not made a sufficient showing that the there was a valid nonconforming use when Monfort purchased the property in 1986.
Having reviewed the record, we conclude that there was more than a preponderance of substantial, reliable, and probative evidence supporting the decisions of the Board and the court of common pleas. Consequently, we overrule the first and second assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See Monfort Supply Co. v. Hamilton Cty. Bd. of Zoning Appeals (May 24, 1991), 1st Dist. No. C-900439; Monfort Supply Co. v. Hamilton Cty.Bd. of Zoning Appeals (Sept. 28, 1994), 1st Dist. No. C-930707.
[2] See Monfort Supply Co. v. Rural Zoning Comm. (Dec. 29, 1995), 1st Dist. No. C-950313.
[3] See Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34,465 N.E.2d 848.
[4] See Henley v. City of Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, quoting LorainCity School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264.
[5] (1953), 160 Ohio St. 382, 116 N.E.2d 697, paragraph two of the syllabus.
[6] See Bresher v. Smith (Aug. 30, 1993), 12th Dist. No. CA92-11-021.
[7] See Petti v. Richmond Heights (1983), 5 Ohio St.3d 129, fn. 1,449 N.E.2d 768; Pschesang v. Terrace Park (1983), 5 Ohio St.3d 47,49-50, 448 N.E.2d 1164.