OPINION
{¶ 1} Appellant, Walter Jenson ("Jenson"), appeals his July 1, 2004 conviction and sentence in the Paulding County Court.
 {¶ 2} Jenson owns property in Washington Township in Paulding County, Ohio. On September 19, 2002, Jenson received a letter, via certified mail, from the zoning inspector of Washington Township notifying him of a violation of the Washington Township Zoning Resolution. The violation resulted from Jenson having a number of abandoned mobile homes and trailers, junk cars, buses, tall vegetation, various piles of junk wood and bricks and various rusted cylinder-like metal items on his property. Such condition was a violation under § 1880 of the Washington Township Zoning Regulations, which provides for the abatement and control of the removal of vegetation, garbage, refuse or debris.
 {¶ 3} Jenson failed to abate the nuisance and a complaint was filed against him on April 25, 2003. Jenson pled not guilty to the charge on May 20, 2003 and a trial date was set. On June 28, 2004, a bench trial was held in the case. There was no dispute at the trial that the items subject to the violation belonged to Jenson. Jenson claimed, however, that the items had been on his property before the § 1880 resolution had been enacted on November 2, 1999 and should, therefore, be protected under the "grandfather clause" of § 510. In the judgment entry filed on July 1, 2004, the court found Jenson guilty of violating § 1880 of the Washington Township Zoning Regulations. Jenson was ordered to pay a fine of $100.00, with $50.00 of the fine suspended on the absolute condition that Jenson remove the debris causing the nuisance within ninety days of the court order and have no further violation for two years. It is from the judgment that Jenson now appeals asserting the following two assignments of error.
The trial court committed a prejudicial error by notrecognizing appellant's affirmative defense to the charges.
 The trial court committed a prejudicial error by findingagainst the manifest weight of the evidence.
 {¶ 4} In his first assignment of error, Jenson argues that the trial court erred in not determining that his use of the property was a nonconforming use protected under the "grandfather clause." Jenson asserts that he was permitted to continue his nonconforming use of the property after the zoning regulation became effective even though his use was not in compliance with the new zoning regulations. In support of his argument, Jenson relies upon § 510 of the Washington Township Zoning Regulations, which provides:
Continuing Existing Uses. Any use, building, or structureexisting at the time of the enactment of this Resolution mayexist, even though such use, building or structure may notconform with the provisions of this Resolution for the districtin which it is located. Such use shall be permitted while theowner of the premises at the time of the enactment of theseregulations owns the property. When the parcel of ground innon-compliance is transferred to another person, the propertyshall come into compliance with the provisions of thisResolution.
Jenson argues that since he has been the owner of the property for thirty years, his use of the property should be protected under the above section.
 {¶ 5} Jenson also relies on R.C. 519.19 to support his argument that his nonconforming use is not affected by the zoning regulation. However, in order to have protection under this section, Jenson had the burden of proving that his use of the property was in compliance with zoning regulations prior to the new resolution. R.C. 519.19 provides:
The lawful use of any dwelling, building, or structure and ofany land or premises, as existing and lawful at the time ofenactment of a zoning resolution or amendment thereto, may becontinued, although such use does not conform with suchresolution or amendment, but if any such nonconforming use isvoluntarily discontinued for two years or more, any future use ofsaid land shall be in conformity with sections 519.02 to 519.25,inclusive, of the Revised Code. * * *
 {¶ 6} The Ohio Supreme Court has held that "[t]he right to continue to use one's property in a lawful business and in a manner which does not constitute a nuisance and which was lawful at the time such business was established" is within the protection of the United States and Ohio Constitutions. Akron v.Chapman (1953), 160 Ohio St. 382, paragraph two of the syllabus,116 N.E.2d 697. A use which was not permitted by the applicable zoning ordinance when the use was established does not constitute a nonconforming use and is not a protected right. Pschesang v.Village of Terrace Park (1983), 5 Ohio St.3d 47, syllabus,448 N.E.2d 1164.
 {¶ 7} The trial court found that the grandfather clause of § 510 of the Washington Township Zoning Regulations did not apply to Jenson's use of the property because such use constituted an active nuisance that was never in compliance with the zoning regulations. Jenson was charged with a violation of § 1880 of the Washington Township Zoning Regulations, which governs the abatement and control of the removal of vegetation, garbage, refuse or debris, which includes car parts, appliances, furniture, etc. This section provides, in pertinent part, that "[t]he Board of Township Trustees may provide for the abatement, control, or removal of vegetation, garbage, refuse, and other debris that constitutes a nuisance." Further, § 590 provides that when abandoned structures are determined to be a hazard to public health, safety or general welfare, the Board of Zoning Appeals may order them to be removed.
 {¶ 8} Jenson argues that the court did not permit his testimony regarding the business he operated on the property which prevented him from presenting his affirmative defense to the charges. A review of the record reveals that Jenson chose to represent himself at the bench trial on the zoning violation charge. For whatever reason, Jenson did not call any witnesses or present any evidence at the trial. Jenson's lack of knowledge or misunderstanding of the law or rules of evidence did not impose upon the trial court a duty to counsel Jenson through the proceedings. The trial court did not prevent Jenson from testifying or presenting evidence, nor did the court refuse to accept proper testimony or evidence. However, the court did require that Jenson follow the rules of the court in presenting his case, which is likely the prejudice of which Jenson complains. Jenson simply did not present any admissible evidence that showed his use of the property was not a violation of the current, or prior, zoning regulations.
 {¶ 9} The testimony at trial revealed that there were a number of trailers or mobile homes on Jenson's property that were in a state of disrepair, were not livable and, in fact, were not being lived in by anyone. Jenson testified that there were at least four "antique" cars on the property that were not operable. Further, photographs and testimony showed that there were various piles of scrap metal, bricks, wood and high vegetation on the property. The evidence supported the determination that the items on the property and condition of the property constituted a nuisance and presented a health hazard to children and animals due to the presence of sharp glass and protruding objects.
 {¶ 10} With regard to his defense, Jenson not only failed to establish that the mobile homes and cars were on the property prior to the effective date of the § 1880 resolution of November 2, 1999, but Jenson also failed to establish that he had conducted a legal business on the property that conformed with prior zoning regulations. Therefore, the trial court properly determined that Jenson violated the zoning regulation and did not provide a defense to the violation. Accordingly, the first assignment of error is overruled.
 {¶ 11} In his second assignment of error, Jenson argues that his conviction is against the manifest weight of the evidence. Jenson asserts that the trial court's failure to consider his use of the property as a legal business shows the court lost its way in resolving the evidentiary conflicts and making credible determinations. Therefore, Jenson asserts that the court's judgment is not supported by the evidence.
 {¶ 12} In order for an appellate court to reverse the trial court's judgment on the basis that the conviction is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins, 78 Ohio St.3d 380,389, 1997-Ohio-52, 678 N.E.2d 541.
Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of the proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends onits effect in inducing belief.'
Id. at 387 (citations omitted). To reverse a conviction on the manifest weight of the evidence, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice * * *."State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 13} The record shows that the State presented testimony and exhibits that demonstrated Jenson's violation of the zoning regulation. John Pier, zoning inspector for Washington Township, testified that there were numerous trailers and vehicles on Jenson's property. Pier and Don Collins, owner of Blue Water Campgrounds of which Jenson's property abuts, took pictures of the condition of Jenson's property. These pictures showed the dilapidated condition of numerous trailers and vehicles, as well as piles of debris and tall vegetation. The evidence indicated that Jenson had been given notice of the violation and had failed to abate the nuisance. Further, the trial court asked questions of Jenson in which he informed the court he owned the property in the photographs. Jenson indicated that there were about five mobile homes or trailers on the property in which no one was living. Jenson stated that a couple of the trailers had been damaged by a tornado and that he planned to repair them. Jenson also indicated that there were four "antique" cars on the property which were not operable. Jenson did not provide any evidence in his favor, other than his argument that the grandfather clause of § 510 applied to his property.
 {¶ 14} Based upon our review of the record, we cannot conclude that the trial court lost its way and created a manifest miscarriage of justice in determining that Jenson violated § 1880 of the Washington Township Zoning Regulations and that his use of the property was not protected as a continuing existing use by § 510. Therefore, Jenson's second assignment of error is overruled.
 {¶ 15} Having found no merit with Jenson's assignments of error, we affirm the judgment of the Paulding County Court.
Judgment Affirmed.
 Shaw, P.J. and Cupp, J., concur.