OPINION
{¶ 1} Defendant-appellant Crystal Koon appeals the March 4, 2008 Judgment Entry, and April 15, 2008 Findings of Fact and Conclusions of Law, entered by the Knox County Court of Common Pleas, which granted injunctive relief to plaintiff-appellee Peter D. Barnes, Hilliar Township Zoning Inspector, and finding Appellant's use of her property violated the Hilliar Township Zoning Code.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the owner of real estate located at 3333 Columbus Road, Hilliar Township, Centerburg, Knox County, Ohio ("the subject property"). The subject property is zoned R.C., rural conservation.
 {¶ 3} On May 15, 2007, John William See filed a formal complaint with the Hilliar Township Trustees, asserting Appellant was using the subject property for a commercial paving business, and such use resulted in the number of employees and subcontractors traversing to and from the property, and large machinery, equipment, and paving supplies, being stored on the property. The Trustees forwarded the formal complaint to Appellee, who inspected and investigated the property. Appellee issued a notice to discontinue the commercial use of the property to Appellant on July 6, 2007, via U.S. certified mail. The notice advised Appellant her using the real estate to run a business; to store trucks, equipment, and paving materials; and to use one or more out-buildings for the business was prohibited, and in violation of Article IV, Subsection 4.05; Article VII, Section 7.02, Subsection 3, and Section 7.22 of the Hilliar Township Zoning Resolution. The notice instructed Appellant to discontinue such use within 30 days of *Page 3 
the receipt of the notice. The notice additionally advised Appellant each day's continued violation could be deemed as a separate offense for which a fine of up to $500/day could be assessed.
 {¶ 4} Appellant failed to cease the prohibited use of the subject property. As such, on October 24, 2007, Appellee filed a Complaint for Temporary and Permanent Injunctive Relief in The Knox County Court of Common Pleas. Appellant filed a timely answer and counterclaim. In her counterclaim, Appellant argued her use of the subject property predated the zoning code; Appellee's attempt to enforce the current zoning code against her constituted a taking of the property without compensation and; therefore, was a violation of Ohio and United States Constitutions. The trial court conducted a hearing on the matter on January 10, 2008.
 {¶ 5} John William See testified he sold the land associated with the subject property without any improvements to Appellant's husband, Robert Lester. See and Lester entered into a land contract in August, 1988. On October 11, 1989, after Lester paid off the land, he deeded the property to Appellant. See stated at the time of his sale of the subject property, the land was zoned R-1, and was one of ten lots in a mini-subdivision he had created. See recalled sometime in 1987, the Township Trustees asked him to create the subdivision on his property, and the property was re-zoned to R-1 from agricultural on June 25, 1987. See's property is three lots west of the subject property. From his property, See is able to observe the subject property from several different angles. See testified he has seen large trucks and equipment at the property as well as piles of aggregate (paving waste material). *Page 4 
 {¶ 6} See testified he filed a formal complaint with the Hilliar Township Trustees on May 15, 2007. In his complaint, See alleged the subject property was being used for a business, specifically Capital City Paving. The company is listed in the phone book with the address, 3333 Columbus Road, Centerburg, the address of the subject property. At the hearing, See identified aerial photographs he took of Appellant's property in July, 2007. The pictures depicted equipment, fuel tanks, trucks, and piles of aggregate on the subject property. See explained the restrictive covenants applicable to the lots in the subdivision prohibited commercial use of the property. The restrictive covenants were filed with the deeds for each lot, including Appellant's deed.
 {¶ 7} On cross-examination, See testified he became aware Appellant's business was growing and expanding in 2005, after he experienced a major sewage backup on his property. See conceded Lester always had some equipment moving on and off the property, but added it was one truck at a time. Further, because Lester was a bricklayer, See knew Lester had a pick-up truck and a cement mixer. However, in 2005, See began to notice more activity, and more and more equipment at the property.
 {¶ 8} Appellee testified he was the zoning inspector for Hilliar Township between March 1, and September 1, 2007. Appellee stated on May 28, 2007, he received a formal complaint from the Township Trustees relative to the subject property. Appellee commenced an investigation into the allegations set forth in the complaint. The investigation included routine drive-bys at different times of the day to determine the presence or absence of equipment and/or employee vehicles and, internet research to determine the names and addresses of paving contractors in the 43011 zip code. Appellee noted at least two area phonebooks reflect Capital City Paving with an *Page 5 
address at 3333 Columbus Road, Centerburg. Appellee explained the subject property is currently zoned rural conservation. Following his investigation, Appellee consulted with the county prosecutor and subsequently issued a letter of violation to Appellant. In his July 6, 2007 correspondence addressed to Appellant, Appellee directed Appellant to correct the nonconforming use within 30 days. The violations found on the subject property included the parking of large and small trucks, the storage of paving equipment, the parking of employee vehicles, often as many as twelve vehicles on a given day, the accumulation of waste materials, the phonebook listings, and the apparent dedication one or more out-buildings in support of the paving business.
 {¶ 9} Jeffrey Guy testified he lives four or five houses to the west of the subject property and knows Appellant and Lester. Guy stated to the best of his knowledge Lester runs a paving company out of the subject property, and has large dump trucks as well as other vehicles parked in the back. Guy has observed asphalt products on the premises. Over his years of living near the subject property, Guy has observed an increase in the business activity.
 {¶ 10} Following the injunction hearing, the trial court issued a Judgment Entry on March 4, 2008, finding Appellee's request for a permanent injunction was well taken and ordered Appellant to cease storage of any and all paving waste materials, cease the use of any and all out-buildings for all commercial activity, and cease the storage and maintenance of trucks and paving equipment at the subject property. The trial court gave Appellant sixty days to comply with its order. Appellant filed a motion for Civ. R. 52 findings of fact and conclusions of law. The trial court ordered the parties to submit *Page 6 
proposed findings of fact and conclusions of law within fourteen days of its order. The trial court issued its Findings of Fact and Conclusions of Law on April 15, 2008.
 {¶ 11} It is from the trial court's March 4, 2008 Judgment Entry, and April 15, 2008 Findings of Fact and Conclusions of Law Appellant appeals, raising the following assignments of error:
 {¶ 12} "I. THE TRIAL COURT ERRED IN FAILING TO FIND DEFENDANT'S USE OF HER PROPERTY AS A LEGITIMATE NONCONFORMING USE.
 {¶ 13} "II. TO THE EXTENT HILLIER TOWNSHIP ATTEMPTS TO ENJOIN DEFENDANT'S LAWFUL USE OF HER PROPERTY BY ZONING CODE ENFORCEMENT CONSTITUTES TAKING OF PROPERTY WITHOUT COMPENSATION."
 I {¶ 14} In her first assignment of error, Appellant maintains the trial court erred in failing to find her use of the subject property was a legitimate non-conforming use. Specifically, Appellant asserts in finding her use of the subject property violated a zoning ordinance enacted on September 22, 2003, the trial court failed to consider the fact the use of the subject property as a paving business predated the effective date of the zoning ordinance.
 {¶ 15} Prior nonconforming uses are recognized by R.C. 519.19, which provides, in pertinent part: "The lawful use of any * * * land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although the use does not conform with the resolution or amendment." State v. Volbert, Allen App. Nos. 1-01-169, 1-01-170, 1-01-171 and 1-01-172, 2002-Ohio-2763. *Page 7 
 {¶ 16} To qualify as a prior nonconforming use, the land use must have been in existence before enactment of prohibitory land use regulation or extension of regulation to newly annexed territory and must have been "lawful" when commenced. City of Dublin v. Finkes (1992),83 Ohio App.3d 687, 690, 614 N.E.2d 690. Owners are permitted to continue a nonconforming use based on the recognition that one should not be deprived of a substantial investment which existed prior to the enactment of the zoning resolution. Beck v. Springfield Township Boardof Zoning Appeals (1993), 88 Ohio App.3d 443, 446, 624 N.E.2d 286
(citations omitted). However, it is recognized that nonconforming uses are not favorites of the law. Id. Local governments may prohibit the expansion, or substantial alteration of a nonconforming use, in an attempt to eradicate that use. Id.
 {¶ 17} A landowner claiming a valid nonconforming use has the burden of proving two requirements. Initially, the landowner must prove the use was in existence prior to the enactment of the prohibitory land use regulation. Dublin v. Finkes (1992), 83 Ohio App.3d 687, 690,615 N.E.2d 690. Further, the landowner must show the land use in question was lawful at the time the use was established. Pschesang v. TerracePark (1983), 5 Ohio St.3d 47, 5 Ohio B. 104, 5 Ohio St.3d 47,448 N.E.2d 1164, syllabus. "Stated another way, the use in question must have been in full accordance with all applicable land use regulations in effect when the activity was begun." Dublin, supra, at 690. A use which was not permitted by the applicable zoning ordinance at the time the use was established does not constitute a nonconforming use. Pschesang, supra, at syllabus. See also, Belich v. City of Olmsted Falls, Cuyahoga App. Nos. 84537 and 84807, 2005-Ohio-190. *Page 8 
 {¶ 18} We find Appellant has failed to meet her burden of proof. In 1987 the subject property was re-zoned from agricultural to R-1. Appellant's husband entered into a land contract to purchase the subject property in August, 1988. The permitted uses in an R-1 zoned area are one family dwellings, light agricultural uses, churches, schools, libraries, and museums, accessory buildings and uses, and certain signage. In 1988, when Lester entered into the land contract, the operation of a commercial business was not permitted on the subject property. Because the use was not permitted by the applicable zoning ordinance at the time Lester commenced his business, Appellant cannot argue she was using the land as a nonconforming use in 2003, when the zoning was changed from R-1 to R.C. Accordingly, the fact the subject property was used for commercial purposes before it was re-zoned to an R.C. district does not create a legitimate nonconforming use.
 {¶ 19} Based upon the foregoing, Appellant's first assignment of error is overruled.
 II {¶ 20} In her second assignment of error, Appellant contends Appellee's attempt to enjoin her from lawfully using the subject property by means of a zoning ordinance constitutes a taking of property without compensation.
 {¶ 21} Having found in assignment of error I, supra, Appellant's use of the subject property does not qualify as a prior nonconforming use, a taking has not occurred.
 {¶ 22} Appellant's second assignment of error is overruled. *Page 9 
 {¶ 23} The judgment of the Knox County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1