[Cite as *Tepley v. Trumbull Twp. Bd. of Zoning Appeals*, 2014-Ohio-4541.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| GARY TEPLEY, | : | **O P I N I O N** |
| Appellant, | : | |
| | : | **CASE NO. 2013-A-0045** |
| - vs - | : | |
| TRUMBULL TOWNSHIP BOARD OF ZONING APPEALS, et al., | : | |
| | : | |
| Appellees. | | |

Administrative Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CV 16.

Judgment: Affirmed.

*Paul R. Malchesky*, Cannon, Aveni & Malchesky Co., L.P.A., 41 East Erie Street, Painesville, OH 44077 (For Appellant).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Appellees).

THOMAS R. WRIGHT, J.

{¶1} This administrative appeal is from the Ashtabula County Court of Common Pleas. Appellant Gary Tepley appeals the trial court's affirmation of the Trumbull Township Board of Zoning Appeals' ("BZA") decision that Tepley's parking of various commercial vehicles on his property was not a prior nonconforming use. In this appeal,

Tepley argues that the BZA's decision was not supported by the preponderance of substantial, reliable, and probative evidence. For the following reasons, we affirm.

{¶2} This dispute centers around the home located at 6712 Barrett Rd., Trumbull Township ("the Property"), which is located in a residential zoning district. In 2011, Ronald Folsom, the zoning inspector for Trumbull Township, cited Tepley for violating the Trumbull Township zoning code because Tepley was storing tractor-trailer trucks that were not in a completely enclosed building on his property. Tepley appealed the citation claiming that his storage of the vehicles was a prior nonconforming use because he continuously stored various commercial trucks on his property in the open since 1982. According to Tepley, the 1981 Trumbull Township Zoning Code, the applicable zoning code to Tepley's storage of vehicles in 1982, did not prohibit the parking of tractor-trailers and other commercial vehicles on the property. Tepley furthers that the 1986 Trumbull Township zoning code only prohibited the parking of commercial vehicles in residentially zoned areas if they did not have a valid license plate. Tepley admits that his use became nonconforming upon the passage of the 1997 Trumbull Township zoning code which added the enclosure requirement to the storage of commercial vehicles.

{¶3} In support of Tepley, Paul Mosley, one of Tepley's neighbors, testified that since Tepley moved into the Property, Tepley has parked "commercial vehicles," such as tractor-trailers, a "big yellow delivery truck," a dump truck and various other trucks on the Property, throughout the years. At the time of the hearing, Mosely testified that Tepley currently had a dump truck and a tractor-trailer on his property. Mosely further testified that Tepley has continuously stored semi-trucks on his property since 1982.

{¶4} Mike Isabella, a former co-worker of Tepley's, testified that from 1981 – 1994 Isabella and Tepley worked in a towing company that used Tepley's driveway and property as a place for storing their trucks. After 1994 Tepley decided to start a sole proprietorship in the towing business. Isabella testified that Tepley continuously used the driveway and property to store towing trucks from 1981 until the time of the hearing.

{¶5} Stanley Ruck, a neighbor on Barrett Rd., testified that Tepley has continuously parked a semi-truck on the property since 1985 or 1986.

{¶6} Robert Ruck also testified. According to Robert, he met Tepley in 1984-85 when Tepley resided at the Property. He testified that Tepley parked numerous trucks on his property in the early 1980s, specifically Isabella Towing trucks, a yellow truck, semis, and a dump truck. He testified that Tepley continuously stored tractor-trailers on his property, but could not say whether there was a period of time when he stopped storing any trucks on his property.

{¶7} Finally, Kenneth L. Piper, a neighbor of Tepley and intervening appellee in this action, testified that he bought his house in June of 1991. According to Piper, the previous owner of his house said that Tepley's property was always clean, and that Tepley was a great neighbor because he was never at the property. Piper testified that there was no activity at the property until 1994 when Tepley's son was born. Finally, Piper testified that Tepley first started parking various commercial vehicles on his property in 1998 and has been continuously expanding the amount of vehicles stored on his property since 1998.

{¶8} As his sole assignment of error, Tepley asserts that:

3

{¶9} "The Trial Court erred in failing to apply the proper standard of review of the Board of Zoning Appeals' Decision: deferring to the Board's evidentiary rulings in lieu of the proper standard of review of determining whether the administrative bodies (sic) decision is supported by the preponderance of substantial, reliable, and probative evidence on the whole record pursuant ORC 2506.04."

{¶10} Within this assignment of error, Tepley makes two arguments. He first argues that the trial court did not correctly apply the standard of review to the BZA decision, and that the evidence does not support a finding that Tepley did not establish a prior nonconforming use. In regard to Tepley's first argument, he claims that the trial court improperly deferred to BZA's findings of fact because such deference is inconsistent with R.C. 2506.04.

{¶11} R.C. 2506.04 governs the standard of review for administrative appeals. It provides that: "If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

4

{¶12} In stating its standard of review, the trial court cited our decision in *Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals*, 11th Dist. Portage No. 2001-P-0029, 2002-Ohio-1475, ¶16 for the following propositions:

{¶13} "The standard of review applied by the trial court in an administrative appeal is whether the decision of the administrative entity is supported by a preponderance of reliable, probative, and substantial evidence in the record to support the administrative agency's decision. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party. *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 313 N.E.2d 400, paragraph two of the syllabus. The trial court must give deference to the agency's resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 407 N.E.2d 1265. The court of common pleas may not substitute its judgment for that of the agency, especially in areas of administrative expertise. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580."

{¶14} This is not inconsistent with R.C. 2506.04; rather, the trial court is properly applying a standard of review that gives proper deference to fact-finding.

{¶15} As to the merits, Tepley is unable to establish a prior nonconforming use. This court employs a narrower standard of review than the trial court to administrative appeals. "[R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not

5

include the same extensive power to weigh the 'preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Further, "within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." *Miller v. Willowick*, 11th Dist. Lake No. 2006-L-148, 2007-Ohio-465, ¶23 (footnotes omitted). When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶16} "A prior non-conforming use must meet two requirements. First, the use must have been in existence prior to the enactment of the prohibitory land use. Second, the land use in question must have been lawful at the time it commenced." *Studar v. Aurora City Bd. of Zoning Appeals*, 11th Dist. Portage No. 2001-P-0015, 2001-Ohio-8780, 2001 Ohio App. LEXIS 5448, at *6 (December 7, 2001) (citation omitted). There is a "right to continue the use of one's property in a lawful business and in a manner which does not constitute a nuisance and *which was lawful at the time"* the use was established. *Pschesang v. Terrace Park*, 5 Ohio St.3d 47, 48 (1983) (emphasis sic) (citation omitted). "Stated another way, the use in question must have been in full conformance with all applicable land use regulations in effect when the activity was begun." *Dublin v. Finkes*, 83 Ohio App.3d 687, 690 (1992).

{¶17} Section I of the 1981 Trumbull Township Zoning Code states in pertinent part:

6

{¶18} "It shall be unlawful to locate, erect, or construct any building, or structure, or to subject any land to a non-exempt use within the territory included in this zoning resolution and amendments thereto, without obtaining a certificate, and no such zoning certificate shall be issued unless the plans and specifications for the proposed building, structure, and use comply fully with the regulations herein provided."

{¶19} Tepley's entire argument is based upon the premise that because the 1981 Trumbull Township zoning code did not affirmatively prohibit the storage of vehicles on the Property, it was lawful for him to store his commercial vehicles there in 1982. However, storing commercial vehicles on residentially zoned property is not an exempt use, and Tepley acknowledged that he never obtained a zoning certificate for his storage of commercial vehicles. Therefore, his use was not lawful at the time he started storing his vehicles on his property.

{¶20} Accordingly, the trial court did not abuse its discretion in affirming the BZA decision. The sole assignment of error is without merit. The judgment of the trial court is affirmed.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.