OPINION
On November 6, 1951, voters adopted a zoning resolution for the eastern half of Genoa Township, Delaware County, Ohio. A zoning resolution for the western half of the township was passed on November 6, 1956.
On July 31, 1985 and April 28, 1987, appellant, Tom Martin, was cited for violating Section 4, paragraph F of the zoning resolution for the eastern half of Genoa Township. Appellant's property is a business called the Red Bank Harbor Store. Said store sells grocery items, fishing and boating supplies, guns and ammunition. Appellant was cited for using the property for boat storage and rental.
In 1987 following appellant's citations, Genoa Township joined by amendment the eastern and western halves under one comprehensive zoning resolution.
On August 30, 1988, appellee, Donald L. Dibert, the Genoa Township Zoning Inspector, filed a complaint against appellant and his wife, Theresa J. Martin, seeking a declaration appellants' use of the property was in violation of the zoning resolution and an injunction from boat storage. By judgment entry filed November 2, 1992, the trial court bifurcated the trial. The first trial would determine the validity of the zoning resolution and the second trial would determine all other legal and equitable issues remaining.
The first trial was tried by brief. By findings of fact, conclusions of law and decision filed April 9, 1993, the trial court found the zoning resolution was valid. A bench trial on the second phase was held on July 1, 1997. By judgment entry and memorandum of decision filed January 22, 1998, the trial court found appellants' use of the property was illegal. The trial court found any business other than a confectionary type store in a 10 x 12 room was an illegal nonconforming use and permanently enjoined any other use.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FINDING THAT THE GENOA TOWNSHIP TRUSTEES FOLLOWED STATUTORY GUIDELINES IN ENACTING THE 1987 ZONING RESOLUTION.
II
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT VIOLATED SECTION 4-F OF THE 1969 RESOLUTION.
III
 THE TRIAL COURT WRONGLY APPLIED AND INTERPRETED THE GENOA TOWNSHIP ZONING RESOLUTION IN REGARD TO THE EXPANSION OF A NON-CONFORMING USE.
 I
Appellants claim the trial court erred in finding the 1987 zoning resolution was properly enacted. We disagree.
The central issue is whether the consolidation of the two separate geographical zoning resolutions into one comprehensive zoning resolution is a zoning resolution pursuant to R.C. 519.03
through R.C. 519.11 or an amendment pursuant to R.C. 519.12. Appellants argue R.C. 519.03 through R.C. 519.11 applies subjudice and appellee erred in not following the statutory procedures therein. Appellee argues R.C. 519.12 is controlling and was properly followed. In support, appellee cites 1972 Ohio Atty.Gen.Ops. No. 72-118 wherein the Attorney General opined a township with existing zoning regulations seeking a comprehensive amendment is controlled by R.C. 519.12.
Appellant was cited for violating Section 4, paragraph F of the 1951 zoning resolution as amended in 1969 which states as follows:
 The lawful use of any dwelling, building or structure and of any land or premises as existing and lawful at the time of enactment of this Zoning code or any amendment thereto, may be continued although such does not conform to the provisions of this Code or any amendments hereto, but if such non-conforming use is voluntarily discontinued for a period of two successive years or more, and future use of said land shall be in conformity with the provisions of this Code or any amendments hereto.
By decision filed April 9, 1993, the trial court found as follows:
 The 1951 Zoning Regulations for the Eastern Half of Genoa Township, and the 1956 Zoning Regulation for the Western Half of Genoa Township have each been validly enacted after full compliance by the Township Trustees with statute, and approved by a majority vote of the resident electors at the General Elections of November, 1951 and November, 1956.
 Both Resolutions have been amended from time to time in compliance with law. Neither Resolution has been repealed.
 Both Codes Contain a Comprehensive Plan and uniformity of regulations.
 The Court find that both Codes have been and are valid and in force and in effect from date of adoption to present.
 The Court further find that the 1987/92 amendments were enacted and adopted by the Genoa Township Trustees after compliance with all mandatory directives of Ohio Revised Code 519.05 and 519.12; that the legislature preserved the right of the electors of the area to petition a referendum for approval or rejection of the amendments; that the electors failed to petition for a referendum within the statutory time period, and the amendments became valid and effective amendments to the Genoa Township Zoning Resolutions.
The 1951/1956 zoning resolutions each contained a definition for a nonconforming use. See, Section 4, paragraph F of the 1951 zoning resolution (cited supra) and Section 3, paragraph F of the 1956 zoning resolution. The definitions were continued and expanded in the 1987/1992 zoning resolutions. See, Article VIII of the 1987/1992 Zoning Resolutions. The 1951 zoning resolution at Section 6 provided for the right to make amendments. Section 4, paragraph G provided in the event of a conflict with other resolutions, regulations or permits, the "Zoning Code or amendments hereto shall prevail."
Because of the express language in the 1951 zoning resolution permitting amendments pursuant to R.C. 519.12 and the continuation of nonconforming use definitions in the 1969/1987/1992 zoning resolutions, we reject appellants' argument the 1987 zoning resolution as amended was invalid. We further reject appellants' argument all the landowners of Genoa Township did not vote on the new resolution. The affected landowners approved a zoning resolution pursuant to R.C. 519.03 through 519.11 in 1951. These landowners were the only landowners affected by the zoning resolution in 1951 and as it was amended in 1987.
Upon review, we find the 1951/1956 zoning resolutions were amended in 1987 and 1992 and those amendments were done correctly pursuant to R.C. 519.12.
Assignment of Error I is denied.
 II, III
Appellants claim the trial court erred in finding the sale of prepared foods, fishing and boating supplies, boats and parts, and guns and ammunition plus the storage of boats not to be nonconforming uses of the property. We agree.
Appellant was cited for violating the nonconforming use definition in Section 4, paragraph F of the 1951 zoning resolution as amended in 1969 cited supra. The 1987 zoning amendment continued and expanded the definition of nonconforming use at Article VIII as follows:
 Within the districts established by this Resolution or amendments that may later be adopted, there exist lots, structures, or uses of land and structures which were lawful before this Resolution was passed or amended, but which would be prohibited or more restructured under the terms of this Resolution or amendments thereto. It is the intent of this Resolution to permit these nonconformities to continue until they are removed.
 802.02 Any nonconforming use may be extended throughout any parts of a building which were manifestly arranged or designed for such use at the time of adoption of amendment of this Resolution.
 802.03 No such nonconforming uses shall be moved in whole or in part to any portion of the lot or parcel other than that occupied by such uses at the effective date of adoption or amendment of this Resolution unless it increases conformity with these regulations.
 802.04 If any such nonconforming uses of land are voluntarily discontinued for a period of more than two (2) years, any subsequent use of such land shall conform to the regulations specified by this Resolution for the district in which such land is located.
 802.05 Additional structures not conforming to the requirements of this Resolution shall not be erected in connection with such nonconforming use of land.
We note appellee cited appellant for the use of "boarding of sailboats" and "sale and boarding of boats." See, Defendant's Exhibit 1 and 2. At the conclusion of the hearing, appellee argued for an injunction "to remove the boats — exterior storage of the boats from the property." T. at 176. By judgment entry filed January 22, 1998, the trial court specifically enjoined the "sale of boats, motors, motor parts, guns, ammunition, storage of boats, and prepared foods" finding in its memorandum of decision filed same date the following:
 Therefore the Court will declare the Defendant's use of the property as described in the testimony as being more than a `confectionary type' store in the one 10 x 12 room in a residence to be illegal and in violation of the Genoa Township Zoning Code. The Court further finds the Defendant shall be ordered to remove all sail and motor boats from said premises and the Defendant is ordered and enjoined to abate such an operation declared to be a nuisance.
We disagree with the trial court's conclusions as they are beyond the scope of appellee's specific request and are contrary to law.
It is undisputed the property was used as a store prior to the enactment of the 1951 zoning resolution. Grocery items, bait, tackle and accessory fishing items were sold in the store. Guns and ammunition were added around 1969. Throughout the testimony, the store is referred to as a "bait store." The grandson of the 1951 owners, William Kruze, described the store as follows:
 Q. Do you remember the store? Could you described for this court what kind of items your grandparents sold at that store?
 A. I remember cans of spam. They had log cabin syrup. She always used that. I remember her running out, when we had breakfast or something, and going to the store to get it. There was soups, I think picnic supplies. I remember good that they had a large display of candy.
 Q. Did you frequently dip into the large display of candy?
A. When I was allowed.
 Q. Do you remember whether your grandparents ever sold bait at that store?
A. Yes.
Q. Do you remember what kind of bait they sold?
 A. I remember night crawlers. I would go out with my dad and catch them and bring them over to the store.
 Q. Do you remember whether your grandparents ever sold fishing gear at the store?
 A. I am almost positive they sold bobbers, hooks, line.
 Q. When you think back to when your grandparents owned the store, do you recall whether they ever had any boats on the site?
 A. Yes. I know that they had two to three. There was one, one time, that I remember playing in, and my dad coming out and removing me from the boat real good and gave me a few good swats, telling me keep out of there because it was not his.
Q. It was not your grandfather's boat?
A. Right.
T. at 148-149.
The store was adjacent to water dubbed "The Swales of Big Walnut" consisting of "small riffles, which would open up into a still body, a pool area of water." T. at 82. People would fish and frog in this water. T. at 83. The very name of the store, "Red Bank Harbor Store," implied a bait and tackle shop. Except for some remodeling in 1962, the store has remained the same since 1951. T. at 48-49, 54, 134-135. Boat storage of two to three boats in 1951 as testified to by Mr. Kruse had expanded to fifty boats stored for a fee at the time of the hearing. T. at 158.
As has been consistently recognized by Ohio courts, property owners are permitted to continue nonconforming uses. Beck v.Springfield Twp. Bd. of Zoning Appeals (1993), 88 Ohio App.3d 443;Dublin v. Finkes (1992), 83 Ohio App.3d 687. An increase in the use does not negate the nonconforming use privilege. Hunziker v.Grande (1982), 8 Ohio App.3d 87.
Because the "confectionary store" has grown to include other items, we cannot say the privilege is extinguished. The fact remains the Red Bank Harbor Store is the same store that it was in 1951 wherein boat storage was included. The commercial retail nature of the property has not changed and therefore cannot be said to have been extinguished.
We find the trial court's reliance on Section 3, paragraphs A and C of the 1951 zoning resolution as amended in 1969 to be in error. We read those subsections to apply to the actual building of new or additional structures, not the continued use of the same structure with expanded retail items.
Assignments of Error II and III are granted.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby vacated and the case is dismissed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is vacated and the case is dismissed.