OPINION
{¶ 1} Appellants Daniel and Barbara Weber ("appellants") appeal the decision of the Delaware County Court of Common Pleas affirming the decision of the Troy Township Board of Zoning Appeals ("BZA") which determined that the operation of a trucking business on neighboring property was a valid non-conforming use.
 {¶ 2} The following testimony was taken from the hearing before the BZA on November 29, 2005.
 {¶ 3} Roger and Debbie Schuette own and reside on approximately 24 acres of property located at 3616 Horseshoe Road, Troy Township (the "property"), and operate a trucking and excavation business thereon. The Schuettes purchased the property in 1975 and began to conduct the business on the property shortly thereafter. Mr. Schuette stated that he has conducted the business continually, without interruption, from 1975 through the present. Mr. Schuette stated he has twelve trucks for the business. The record further indicates these are heavy-duty diesel trucks. Additional construction equipment is also located on the property. The equipment is serviced and repaired on site and then taken to different job sites.
 {¶ 4} The Schuettes have one nonresident employee who works at the property. All other employees of the business enter and exit the property in the early morning to get the trucks and in the early evening to return the trucks. Also on the property is a pole barn in which the Schuettes service the vehicles and equipment of the business. *Page 3 
 {¶ 5} In 2000, appellants purchased 3688 Horseshoe Road, a 5-acre lot adjacent to the Schuettes. Mr. Weber stated that when he purchased the parcel, he initially did not realize that the Schuettes operated a business on their property because the trees and foliage blocked his view of the Schuette's property. His house is located approximately 150 feet from the Schuette's property line where the trucks are parked outside. He further stated that he noticed only two or four trucks present at the site after he moved in, but now there are twelve trucks and more equipment. At hearing, Mr. Weber presented a videotape depicting the noise and smoke from the trucks when starting in the early morning.
 {¶ 6} Around 2004, the Schuettes purchased a one-acre parcel of land adjacent to their property and south of the Weber property. The record indicates the Schuettes removed a structure from the property, cut down trees and constructed an 18-foot wide gravel driveway from the road to the existing truck parking lot near the Weber's property. The wider driveway replaced the original, steeper driveway that was ninety feet further from the Weber's property. Mr. Schuette testified that the expanded driveway was safer for the truck traffic.
 {¶ 7} Several neighbors offered testimony before the BZA. After removal of the trees, Brenda Church and Linda Halley stated that the noise from the Schuette's property has increased and they are concerned about property values. Jim Siler voiced concern over increased truck traffic in the early morning and evening when he leaves and comes home. Other neighbors, Donna Halley and Stacie Fletcher, testified the Schuettes neatly maintain their property. Ms. Halley, Bill Fisher and Nancee Fisher stated they are not bothered by the noise, smoke or dust from the trucks. *Page 4 
 {¶ 8} In 2005, appellants filed a complaint with the Troy Township Board of Zoning. Doug Price, the township zoning inspector, conducted an investigation and issued findings. He concluded that the Schuette's business was a lawful, prior non-conforming use under the township's current zoning code and the township should not take any action on the matter Appellants disagreed with the inspector's finding and appealed to the BZA.
 {¶ 9} The BZA issued a written decision affirming the determination of Mr. Price. Appellants then appealed to the Delaware County Common Pleas Court. The trial court affirmed the decision of the BZA. It is from this decision that appellants appeal.
 {¶ 10} Appellants raise two Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT ERRED BECAUSE ITS DECISION THAT THE SUBJECT BUSINESS USE CONSTITUES A NON-CONFORMING USE IS NOT SUPPORTED BY A PREPONDERANCE OF SUBSTANITAL, RELIABLE AND PROBATIVE EVIDENCE."
 {¶ 12} "II. THE TRIAL COURT ERRED BECAUSE ITS DECISION THAT THE SUBJECT BUSINESS USE HAS NOT BEEN CHANGED IN VIOLATION OF THE CURRENT ZONING RESOLUTION AND WITHOUT A VARIANCE BEING GRANTED IS NOT SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE."
 {¶ 13} Appellants appealed this matter pursuant to R.C. Chapter 2506.04. "The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." Ashland v. Gene's Citgo, Inc., (2000), Franklin *Page 5 
App. No. 99AP-938. See, also, State ex rel. Baker v. State Personnel Bd.of Review (1999), 85 Ohio St.3d 640, 643, 710 N.E.2d 706.
 {¶ 14} It is based upon this standard that we review appellants' assignments of error.
 I. {¶ 15} In their first assignment of error, appellants argue the evidence does not support the finding that the Schuette's trucking business is a prior nonconforming use.
 {¶ 16} To qualify as a prior nonconforming use, the land use must have been in existence before enactment of prohibitory land use regulation or extension of regulation to newly annexed territory and must have been "lawful" when commenced. City of Dublin v. Finkes (1992),83 Ohio App.3d 687, 690, 614 N.E. 2d 690. Owners are permitted to continue a nonconforming use based on the recognition that one should not be deprived of a substantial investment which existed prior to the enactment of the zoning resolution. Beck v. Springfield Township Boardof Zoning Appeals (1993), 88 Ohio App.3d 443, 446, 624 N.E.2d 286
(citations omitted). However, it is recognized that nonconforming uses are not favorites of the law. Id. Local governments may prohibit the expansion, or substantial alteration of a nonconforming use, in an attempt to eradicate that use. Id.
 {¶ 17} In order to determine if the Schuette's activities were a prior nonconforming use, an examination of the applicable zoning regulations is necessary.
 {¶ 18} At the time the Schuettes began their business in 1975, Troy Township had in effect a zoning resolution that was adopted in 1972. The Schuette's property was zoned in a Farm Residential District. The 1972 Resolution in Article VI, Section *Page 6 
2(c)(2) delineated the permitted uses under the Farm Residential District, including "Associated Uses" which allowed for "The Conduct of Business." This provision states: "The conduct of a business by the resident members of the family residing in the permitted dwelling shall be permitted in accordance with the following: (a) Not more than three (3) non-resident employees shall be employed on the premises; (b) Sale of commodities shall be permitted to those products on the premises; (c) Services may be rendered on the premises or elsewhere; (d) The business may be conducted within a building other than the dwelling but such building shall have an appearance in keeping with that of the dwelling and character of the surrounding area. The building must clearly be incidental to and in harmony with the dwelling; (e) All activities, materials and equipment associated with the business shall be totally maintained within a building; (f) The business activity shall not produce noise, smoke, odor, glare, dust, or vibrations perceptible beyond the property line and shall not produce hazard by fire or explosion. Such business activity shall not produce waste products to be stored on the premises, hauled away or not produce waste products to be stored on the premises, hauled away or discharged into the surface drainage system or the sanitary sewer facility greater in amount than normally associated with a dwelling; (g) All vehicles or mobile equipment shall be parked or stored in a building or enclosed by walls, fences or landscaped so that it cannot be seen from adjacent properties or roadways."
 {¶ 19} Under this provision, the BZA found the Schuette's business was a permitted use when it began in 1975. The trial court agreed, stating: "The Schuette's business had only one non-resident employee on the property. The other employees enter the property in the morning and evening to take out and return the trucks. As *Page 7 
such, the Business has less than three nonresident employees on the property in compliance with (a). The sale of commodities, in (b) above, is not relevant to this action. In accordance with (c), the Business provides services elsewhere, not on the property. With regard to (d), the Schuette's have a pole barn located on their property in which business is conducted and repairs to trucks and equipment is made. As demonstrated by the photographs in the record, the pole barn is incidental to and in harmony with the dwelling and keeps with the character of the surrounding area, which includes farms and residential properties. It should also be noted that (d) does not make it mandatory to conduct business within a building on the property, but rather states that business "may" be conducted within the building. As such, the Schuette business and property complies with (d). As to (e), the Schuettes conduct business activities, i.e. repairs, maintenance and business, within the building. As such, the Schuette business and property are in compliance with (e)."
 {¶ 20} "From 1972 through 1991, nothing indicated that the Schuette business produced noise, smoke, odor, glare dust or vibrations in violation of (f) above. * * * As such all evidence relating to the time prior to 1991 indicates that the Schuette's property and business were in compliance with (f) above."
 {¶ 21} "Finally, with regard to (g), all evidence in the record indicates that the Schuette's trucks and equipment, parked or stored on the property, are concealed by trees and foliage on and surrounding the property. This is evidenced by the fact that Mr. Weber did not even know that the Schuettes conducted a business on their property because the trees obstructed the view. The exhibits of photographs of the property also indicate that the trees and foliage seclude the property from view, be it from the *Page 8 
neighbors or the street. Accordingly, the Schuette business and property were in compliance with (g) above."
 {¶ 22} "As such, the Schuette's property and business complies with the 1972 Resolution, and therefore, the Schuette property and business was a lawful, permitted use under the 1972 Resolution."
 {¶ 23} "In 1991, Troy Township enacted a new zoning resolution, which was amended in 2000. The 1991 Resolution eliminated "Associated Uses" as they existed in the 1972 Resolution under Farm Residential District. The 1991 Resolution, instead replaced "Associated Uses" with Home Occupation Business (HOB), contained under Article XXI, Section 14. Under 21.14(b) permitted home occupations do not include businesses like that of the Schuette's. As such, the Schuette's business would not be a legal permitted use under the 1991 Resolution."
 {¶ 24} "Article XXIV of the 1991 Resolution includes the provisions for nonconforming uses. Section 24.01 provides that any lawful use existing at the time of enactment of the zoning resolution may be continued, even though it does not conform; however, if the nonconforming use is voluntarily discontinued for two or more years, future use must conform with the present zoning in effect."
 {¶ 25} Judgment Entry, March 12, 2007, p. 7-9.
 {¶ 26} Upon review of the record, the Schuette's business has been in existence since 1975 and prior to the 1991 Resolution. The evidence was sufficient to establish that use of the property as such was in conformance with the 1971 Resolution. *Page 9 
 {¶ 27} Accordingly, we find that the trial court's determination that the Schuette's business was a prior lawful non-conforming use was not an abuse of discretion and that determination is supported by reliable, probative and substantial evidence.
 {¶ 28} Appellants' first assignment of error is overruled.
 II. {¶ 29} In appellants' second assignment of error, they argue that the trial court erred in finding that the business had not changed in violation of the 1991 Zoning Resolution.
 {¶ 30} The 1991 Resolution provides in Section 24.03 that a nonconforming use may not be completed, restored, reconstructed, extended or substituted except if granted a variance permit by the BZA.
 {¶ 31} Thus, the next issue we address is whether the evidence before the BZA demonstrated that the Schuette's nonconforming use was extended, reconstructed or expanded after 1991.
 {¶ 32} An increase in the volume of business alone does not constitute an unlawful extension of a nonconforming use where the nature of the land is virtually unchanged. Hunziker v. Grande (1982),8 Ohio App.3d 87, 89, 456 N.E.2d 516 (citations omitted). Nonconforming use restrictions are meant to apply to the area of the use and not to the inventory. Id.
 {¶ 33} In this case, the uncontroverted testimony of Roger Schuette was that he acquired additional property to reconstruct a larger driveway to accommodate the trucks. As a result, the area of the nonconforming use was extended beyond the original property as it existed in 1991. The Schuettes removal of the trees and relocation of the *Page 10 
driveway spurred the complaints of the neighbors concerning an increase in dust, noise and disturbances. Accordingly, the trial court's finding that "the Schuettes' business has not changed since it began" is not supported by the record. The trial court's affirmance of the BZA's findings on this issue was an abuse of discretion.
 {¶ 34} The trial court's reliance upon our decision in Debert v.Martin (Sept. 18, 1998), Fifth Dist. App. No. 98, CAE 02-008, is misplaced. In Debert, this Court held that an increase in the use does not negate the nonconforming use privilege. However, that case did not address or discuss a zoning resolution that prohibits expanding the area on which a nonconforming use is located; such is that at issue here.
 {¶ 35} We find the case of Beck v. Springfield Township Board ofZoning Appeals, supra, to be applicable. In Beck, the Ninth District upheld a township's authority under R.C. 519.19 to prohibit the extension of a nonconforming use, and to have discretion to provide for the "completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such terms as are set forth in the zoning resolution." Id. at 446.
 {¶ 36} Similarly, in this matter, Section 24.03 of the 1991 Resolution provides: "[n]o nonconforming building or use may be completed, restored, reconstructed, extended or substituted except upon the granting of a variance permit issued by the Board of Zoning Appeals pursuant to Article XXVIII and this section. The Board of Zoning Appeals shall have the power to permit changes and extensions of nonconforming uses as follows: a) A non-conforming use of less objectionable nature may be substituted for an existing nonconforming use; b) An existing legal nonconforming use, which occupies only a portion of an existing structure or premises, *Page 11 
may be extended to additional portions of such structures or premises * * * [t]he Board of Zoning Appeals may impose such requirements and conditions as they may deem necessary for the protection of adjacent properties and the public interest."
 {¶ 37} Thus, we remand this matter to the BZA to determine the Schuette's compliance with Section 24.03 and the imposition, if any, of any additional requirements or conditions for the protection of adjacent properties and the public interest.
 {¶ 38} Accordingly, appellants' second assignment of error is sustained.
 {¶ 39} The judgment of the Delaware County Common Pleas Court is affirmed in part and reversed in part; this matter is remanded to BZA for proceedings consistent with this opinion.
 Delaney, J., Hoffman, P.J. and Wise, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the Troy Township BZA for proceedings consistent with the opinion. Costs assessed equally to the parties. *Page 1