[Cite as *Simmons v. Fulk*, 2014-Ohio-4905.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFERY SIMMONS, ET AL., | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellants | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DENNIS D. FULK, P.S. PLAIN TOWNSHIP | : | Case No. 2014CA000041 |
| ZONING INSPECTOR, ET AL., | | |
| | : | |
| Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Stark County Court
of Common Pleas, Case No.
2013CV02545

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  November 3, 2014

APPEARANCES:

For Appellants

JOHN L. JUERGENSON
John L. Juergensen Co., LPA
Washington Square Office Park
6545 Market Avenue North
North Canton, OH 44721

For Appellees
Dennis D. Fulk, P.S. Plain Township
Zoning Inspector and the Plain
Township Board of Zoning Appeals

JAMES F. MATHEWS
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, OH 44720

For Easton Village Company, LLC

JOHN J. RAMBACHER
Winkhart, Rambacher & Griffin
825 South Main Street

North Canton, OH 44720

*Baldwin, J.*

{¶1}   Appellants Jeffrey Simmons, Nancy Locke, Dean Mohler, Cynthia Mohler, Robert Ernst, Trustee, and Sharon Ernst, Trustee appeal a decision of the Stark County Common Pleas Court which affirmed a decision of appellee Plain Township Board of Zoning Appeals (hereinafter "BZA").   Dennis D. Fulk, P.S. Plain Township Zoning Inspector and Easton Village Company, LLC are also appellees.

STATEMENT OF FACTS AND CASE

{¶2}   On August 5, 2013, James J. Ptacek of Larsen Architects requested two conditional use permits with respect to property located at 6300-6306, Market Avenue North, in Plain Township.   The requests were submitted to appellee BZA.   Larsen sought to build a McDonald's restaurant with an accompanying drive-thru on property owned by appellee Easton, located on the corner of Market Avenue North and Grove Street, near the intersection of Maple Street/Easton Avenue and Market Avenue North, and across the street from Walsh College.   The lot is zoned B-1 Neighborhood Business District, and it abuts an R-1 Single Family Residential District.   Appellants are residential home owners on Grove Street.

{¶3}   The property in question has a previously existing small strip plaza which includes several businesses:   Samantha's Restaurant, Italo's Pizza, Ferrell Pools & Spas, Edward Jones, and the Bead Boutique.   The strip plaza has been located on the property for over 30 years.   An abandoned bank building which had a drive-thru is also located on the property.   The bank building and part of the strip mall would be demolished to construct the McDonald's.   Construction of the McDonald's requires the

granting of a conditional use permit for the property to be designated a "planned commercial complex," as well as a conditional use permit for operation of a drive-thru.

{¶4} The BZA held a hearing on September 4, 2013. Following the hearing, the conditional use permits were approved. Appellants filed an appeal to the Stark County Common Pleas Court. The court found that the decision of the BZA was supported by the testimony and by BZA's interpretation of the Plain Township Zoning Resolution and affirmed.

{¶5} Appellants assign three errors to this Court on appeal from the decision of the Common Pleas Court:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO FIND THAT THE PLAIN TOWNSHIP BOARD OF ZONING APPEALS VIOLATED RESOLUTION §1102(103) WHICH PROHIBITS DIRECT ACCESS THROUGH A RESIDENTIAL NEIGHBORHOOD.

{¶7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT A PLANNED COMMERCIAL COMPLEX AND A DRIVE THRU ARE PERMITTED ON THE SAME PARCEL.

{¶8} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE IMPROPER COMMENTS BY THE ZONING SECRETARY AND ZONING INSPECTOR DID NOT WARRANT A NEW HEARING."

I.

{¶9} In their first assignment of error, appellants argue that the court abused its discretion in failing to find that the conditional use permit violates Zoning Resolution §1102(103), which prohibits direct access through a residential neighborhood.

{¶10} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in an administrative appeal:

> If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶11} In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption that the board's determination is valid, and the appealing party bears the burden of showing otherwise. See *C. Miller Chevrolet v. Willoughby Hills*, 38 Ohio St.2d 298, 302, 313 N.E.2d 400 (1974). The court considers

the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000).

{¶12} As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is more limited in scope. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id.* at f.n. 4. The standard of review for appellate courts in a 2506 zoning appeal is whether the common pleas court abused its discretion in finding that the administrative order was or was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by reliable, probative and substantial evidence. *Weber v. Troy Twp. Bd. of Zoning Appeals,* 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163, ¶ 13.

{¶13} The Plain Township Zoning Resolution sets forth the requirements of conditional use permits in Section 1102. Subsection 103 states, "All points of vehicular entrance or exit shall be located no closer than two hundred (200) feet from the intersection of two (2) major thoroughfares, or not closer than one hundred (100) feet from the intersection of a major thoroughfare and a local or collector thoroughfare. Direct access through a residential neighborhood shall be prohibited."

{¶14} The plot is currently zoned B-1 Neighborhood Business District. Grove Street runs along the southern end of the plot, and the property adjacent to the plot on the south side of Grove Street is zoned residential. The evidence presented to the BZA demonstrated that the plot currently includes a strip plaza and an abandoned bank building, with three existing curb cuts providing access to the plot: one main entrance and exit drive to Market Avenue, and two smaller drives accessing Grove Street. The second entrance on Grove Street is designed to be a restricted right turn, permitting vehicles exiting the lot to only turn right toward Market Avenue. While the configuration of the drives allows traffic to drive temporarily on Grove Street abutting a residential neighborhood on one side of the street and a business property on the other side of the street, it does not allow direct access through the residential neighborhood. The evidence presented at the hearing reflects that the architects of the new McDonald's intend to maintain the character of the two pre-existing drives located on Grove Street, and are not seeking to alter the drives to allow direct access through the residential neighborhood.

{¶15} The trial court did not abuse its discretion in affirming the decision of the BZA that the conditional use does not violate §1102(103). The first assignment of error is overruled.

II.

{¶16} In their second assignment of error, appellants argue that the court erred in affirming the decision of the BZA because a planned commercial complex and a restaurant with a drive-thru are not permitted on the same parcel.

{¶17} The zoning resolution defines a planned commercial complex as "a planned coordinated development of a tract of land with two (2) or more separate buildings or structures planned, designed and/or constructed for one or more permitted uses in the business district." A planned commercial complex is a conditional use in the B-1 Neighborhood Business District.

{¶18} The existing plot of land meets this definition; the conditional use permit seeks only to replace one of the buildings with a new building. However, appellants argue that because a restaurant with a drive-thru is not a "permitted use" in the business district, construction of the McDonald's on a lot with other businesses does not meet the definition of a planned commercial complex.

{¶19} Section 712.2(A)(3) of the zoning resolution states that permitted uses in a B-1 Neighborhood Business District include: "Restaurants, not including drive-thru, drive-in, drive-up facilities, or carry-out services, except as permitted as a conditional use." Without the drive-thru, the McDonald's restaurant is a permitted use. When the BZA approved the conditional use permit for a drive-thru, the entire structure became a permitted use as defined by Section 712.2(A)(3), and therefore became a permitted use under the definition of a planned commercial complex.

{¶20} The second assignment of error is overruled.

III.

{¶21} In their final assignment of error, appellants argue that their due process rights were violated when improper comments were made by zoning secretary Metzger and zoning inspector Fulk after all public input was closed. Appellants argue that they are entitled to a new hearing.

{¶22} After public comment was closed, Ms. Metzger and Mr. Fulk made brief comments out of turn concerning their opinions on the conditional use permits. The comments were recognized as improper, and after some brief confusion by Ms. Metzger as to why she was not permitted to speak when she was the BZA secretary, she refrained from speaking further. There is nothing in the record to suggest that the brief comments made out of turn and recognized as improper at the hearing affected the decision of the BZA.

{¶23} The third assignment of error is overruled.

{¶24} The judgment of the Stark County Common Pleas Court is affirmed. Costs are assessed to appellants.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.