[Cite as *Osborne v. N. Canton*, 2017-Ohio-1116.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHARLES OSBORNE, et al. | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiffs-Appellants | |
| -vs- | Case No. 2016 CA 00175 |
| CITY OF NORTH CANTON, et al. | |
|     Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
Pleas, Case No. 2015 CV 02535


JUDGMENT:                             Dismissed


DATE OF JUDGMENT ENTRY:       March 27, 2017


APPEARANCES:

For Plaintiffs-Appellants

ROBERT H. CYPERSKI
CAITLYN C. BENZO
1201 30th Street, NW, Suite 102-B
Canton, Ohio 44709

JAMES R. VAUGHN
Post Office Box 36135
Canton, Ohio 44635

For Defendants-Appellees

TIMOTHY L. FOX
145 North Main Street
North Canton, Ohio 44720

*Wise, J.*

{¶1}   Appellants Charles Osborne, et al. appeal the August 29, 2016, decision of the Stark County Common Pleas Court affirming Appellee City of North Canton City Council's decision affirming the Planning Commission's approval of a conditional use permit.

## STATEMENT OF THE FACTS AND CASE

{¶2}   This administrative appeal concerns North Canton City Council's decision to affirm the City Planning Commission's issuance of a conditional use permit. The permit was granted by the Commission to Maple Street Commerce, LLC (Maple Street) for an expansion of the Hoover District south parking lot.

{¶3}   The procedural history, as set forth in the trial court's judgment entry, is as follows:

{¶4}   On May 7, 2014, the Planning Commission held an adjudicatory/public hearing regarding the permit application. Therein, the Commission took testimony and comments from Maple Street's consultant and senior property manager for IRG Realty Advisors, Frank Lanterman; Mike Wellman architect from TDA Architecture; City Engineer, James Benekos; City Director of Permits, Eric Bowles; and 16 residents. At the conclusion of the hearing, the Commission elected to table the matter to permit Maple Street to meet with City residents and provide them with additional information regarding its plans.

{¶5}   On September 3, 2014, the Planning Commission held a second adjudicatory/public hearing, wherein it took testimony. After reviewing Maple Street's application and the evidence presented, the Planning Commission voted unanimously to

approve the site plan. However, the Planning Commission failed to vote on the application for the conditional use permit during its September 3, 2014 meeting. As a result, the Planning Commission met again on October 8, 2014 for the sole purpose of voting to approve the conditional use permit application. The Planning Commission did not take public comment at the October 8 meeting.

{¶6} On October 10, 2014, Appellant Osborne sent a letter to City Council stating that he appealed the Planning Commission's approval of the conditional use permit.

{¶7} On November 7, 2014, Osborne sent a second letter to City Council, wherein he set forth his issues for appeal. Additional individuals signed the form to join in the appeal.

{¶8} Because North Canton's charter provides that its Zoning and Building Standards Board of Appeals ("ZBOA") shall hear and decide appeals for exceptions to and variations in the applications of ordinances, orders or regulations of administrative officials or agencies governing building and zoning, Council transferred the appeal to its ZBOA for resolution. Osborne, however, threatened the City with a lawsuit in a taxpayer's demand letter, insisting therein that only City Council, not the ZBOA, hear the appeal.

{¶9} City Council agreed to hear the appeal. Council analyzed the record before the Planning Commission and deliberated during its February 17, 23, March 9, and 23, 2015 Council meetings. City Council determined that Appellants did not have standing to appeal and dismissed the appeal.

{¶10} This decision was appealed to the Court of Common Pleas, Case No. 2015CV00824. The court found that neither City Council nor the ZBOA approved or affirmed the conditional use permit; therefore an appeal of the conditional use permit was

not properly before the court. In addition, the court further found Ohio's common law doctrine of standing applied only to courts, not administrative agencies hearing appeals of administrative decisions, and ordered Council to hear the appeal.

{¶11} Thereafter, Council conducted an additional hearing taking testimony and reviewing the record. City Council unanimously affirmed the Planning Commission's approval of the conditional use permit.

{¶12} On December 7, 2015, Appellants Charles Osborne, Rita Palmer, Maria Harris, Clara Draper, James Blaine, Melanie Roll, Gretchen Bercaw, Thomas Hammen, and Linda Hammen appealed Council's decision to the Stark County Court of Common Pleas Court, Case No. 2015CV02535.

{¶13} On August 11, 2016, the Common Pleas Court conducted an evidentiary hearing.

{¶14} By Judgment Entry filed August 29, 2016, the Common Pleas Court found that North Canton City Council's Decision to affirm the Planning Commission's Approval of a Conditional Use Permit for Maple Street was "not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence" and affirmed same. (J/E at 7).

{¶15} Appellants now appeal, assigning the following errors for review:

**ASSIGNMENT OF ERROR**

{¶16} "I. AS A MATTER OF LAW, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THE DECISION TO APPROVE THE SITE PLAN AND THE CONDITIONAL USE PERMIT WAS SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE.

**{¶17}** "II. AS A MATTER OF LAW, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THE DECISION TO APPROVE THE SITE PLAN AND THE CONDITIONAL USE PERMIT WAS SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE."

**I., II**

**{¶18}** Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

Standard of Review

**{¶19}** Pursuant to R.C. 2506.04, in an administrative appeal, the common pleas court considers the whole record, including any new or additional evidence, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the board's determination is valid, and the appealing party bears the burden of showing otherwise. *Hollinger v. Pike Township Board of Zoning Appeals,* Stark App. No. 09CA00275, 2010-Ohio-5097, 2010 WL 4111162.

**{¶20}** As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." *Kisil v. Sandusky,* 12 Ohio St.3d 30, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh the preponderance of the substantial, reliable, and probative evidence, as is granted to the common pleas court." *Id.* Ultimately, the standard of review for appellate courts in a R.C. 2506 appeal is "whether the common pleas court

abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." *See Weber v. Troy Twp. Board of Zoning Appeals,* 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163, 2008 WL 697384.

{¶21} "The standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals,* 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.

## Mootness

{¶22} However, this Court will not reach the merits of Appellant's appeal, as we find the appeal is moot.

{¶23} The Supreme Court of Ohio has addressed the issue of when a matter becomes moot:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such

a fact, when not appearing on the record, may be proved by extrinsic evidence. *Miner v. Witt* (1910), 82 Ohio St. 237, 238, 92 N.E. 21, quoting *Mills v. Green* (1895), 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293.

**{¶24}** In the case *sub judice*, Appellants sought to have City Council's decision reversed and Ordinance 60-2015 vacated. At no time throughout this appeal process did Appellants ever seek a stay of execution from City Council's decision. At the evidentiary hearing before the Common Pleas Court, it was revealed that construction/expansion of the parking lot was complete. (Aug. 11, 2016, T. at 56)

**{¶25}** It is well established that in cases such as this, where an appeal involves the construction of a building or buildings involving construction, if a party fails to obtain a stay of execution before construction commences, the appeal is rendered moot. *See Pinkney v. Southwick Investments, LLC,* 8th Dist. Nos. 85074 and 85075, 2005-Ohio-4167 (residents sought to prevent land development for certain use; trial court found there were no restrictions on the use of the land; residents appealed, but did not seek a stay; construction was substantially complete by the time the case was heard; appeal moot); *Neighbors for Responsible Land Use v. Akron,* 9th Dist. No. 23191, 2006-Ohio-6966 (Akron approved the building of bus terminal; neighbor appealed, but did not seek stay; appeal moot because construction completed); *Walouke v. Mentor Bd. of Bldg. and Zoning Appeals* (Dec. 28, 1984), 11th Dist. No. 10-136 (neighbors objected to landowner building a garage; zoning board granted variance, neighbors appealed, but did not request a stay; garage was built during pendency of appeal; moot); *Bd. of Commrs. of Montgomery Cty. v. Saunders* (Nov. 2, 2001), 2d Dist. No. 18592 (board sought and obtained easements on landowner's property to construct drainage improvement;

landowner sought to enjoin the project, which trial court denied; landowner did seek a stay of the denial pending appeal; appeal moot). *See also Novak v. Avon Lake Bd. of Ed.,* 9th Dist. No. 01CA007835, 2001-Ohio-1880. *See, also*, *State ex rel. Wenger v. The Univ. of Akron* (July 8, 1976), 9th Dist. No. 8078.

**{¶26}** The mootness doctrine contains two recognized exceptions. First, a case is not moot if the issues are capable of repetition, yet evading review. *In re Suspension of Huffer* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308. Second, a court may address a moot issue if the case involves a matter of great public or general interest. *Id.* We do not find that either of the exceptions to the mootness doctrine apply to the issues in this case.

**{¶27}** Because this Court finds that the issues raised in this appeal are moot, the appeal is dismissed.

**{¶28}** Appeal dismissed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0321