[Cite as *Southgate Corp. v. Granville*, 2019-Ohio-2188.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| SOUTHGATE CORPORATION | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| VILLAGE OF GRANVILLE, ET AL. | : | Case No. 18-CA-108 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 18-CV-00588


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                June 3, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

JOSEPH R. MILLER                          MICHAEL J. KING
CHRISTOPHER L. INGRAM                     141 East Broadway
KARA M. MUNDY                             P.O. Box 514
52 East Gay Street                        Granville, OH  43023
P.O. Box 1008

Columbus, OH  43216-1008
*Wise, Earle, J.*

{¶ 1}   Defendants-Appellants, Village of Granville, Ohio and Village Council for the Village of Granville, Ohio, appeal the November 2, 2018 decision and order of the Court of Common Pleas of Licking County, Ohio, vacating a decision by the village limiting the commercial uses of a development plan of Plaintiff-Appellee, Southgate Corporation.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In January 2018, appellee submitted a planned development district application with the Granville Planning Commission to develop approximately 57.5 acres of vacant land.  Appellee proposed a planned unit district (hereinafter "PUD") comprised of single-family and multi-family dwellings and a limited mixed-use combination of commercial uses.  The Granville Planning Commission recommended that the application be approved.  Appellants approved appellee's plan, except they limited appellee's mixed-use combination of commercial uses to four uses: business and professional offices and financial institutions, specialty food shops, specialty retail shops, and restaurants. Appellants cited Chapter 1171 of "the Granville Codified Ordinances and Comprehensive Plan guidance regarding Future Land Uses, Preserving Small Town Character and Strengthening the Tax Base" to support their decision.

{¶ 3}   On June 8, 2018, appellee filed an administrative appeal contesting the limitation with the Court of Common Pleas of Licking County, Ohio pursuant to R.C. Chapter 2506.  By decision and order filed November 2, 2018, the trial court vacated appellants' decision, finding appellants had no authority to limit or condition the commercial uses in approving appellee's PUD.

{¶ 4}   Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED BY EFFECTIVELY HOLDING CHAPTER 1171 OF THE GRANVILLE PLANNING AND ZONING CODE TO BE UNCONSTITUTIONAL ON ITS FACE, WITHOUT REGARD TO THE LAWFUL AND REASONABLE MANNER IN WHICH IT WAS ACTUALLY APPLIED TO SOUTHGATE CORPORATION'S PUD APPLICATION IN THIS CASE."

II

{¶ 6}   "IF AN 'AS APPLIED' ANALYSIS IS CORRECTLY FOLLOWED, CHAPTER 1171 OF THE GRANVILLE PLANNING AND ZONING CODE IS NOT UNCONSTITUTIONALLY VAGUE AND DID NOT DEPRIVE SOUTHGATE OF A RIGHT TO DUE PROCESS."

I, II

{¶ 7}   In both of their assignments of error, appellants claim the trial court erred in finding Chapter 1171 of the Granville Planning and Zoning Code to be unconstitutional and in fact, it is not unconstitutionally vague as applied.  We disagree.

{¶ 8}   Pursuant to R.C. 2506.04, in an administrative appeal, the common pleas court considers the whole record, including any new or additional evidence, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.  In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption the agency's determination is valid, and the

appealing party bears the burden of showing otherwise. *Hollinger v. Pike Township Board of Zoning Appeals,* 5th Dist. Stark No. 09CA00275, 2010-Ohio-5097.

{¶ 9} As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of the substantial, reliable, and probative evidence,' as is granted to the common pleas court." *Id.* at fn. 4.

{¶ 10} Ultimately, the standard of review for appellate courts in an R.C. Chapter 2506 appeal is "whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." *See Weber v. Troy Township Board of Zoning Appeals*, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 11} "The standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.

{¶ 12} In their appellate brief at 4, appellants argue the following:

In the case at bar, the trial court effectively held Chapter 1171 unconstitutional on its face, as it 'vacated' Council's thoughtful limitation on the combination of mixed commercial uses that could go into a PUD. The trial court accepted and adopted Southgate's argument that it could put any commercial use into the PUD that it chooses, without limitation. Accordingly, the trial court has left the Village of Granville with no instance in which it can limit the mixed commercial uses that any future developer might choose to put in a PUD.

{¶ 13} In its decision and order filed November 2, 2018, the trial court determined appellants had no authority to limit or condition the commercial uses in approving appellee's PUD, finding the following:

The Court agrees with Southgate that Chapter 1171 does not restrict the commercial uses permitted on property zoned PUD. Under Ohio law, courts interpreting zoning ordinances must strictly construe restrictions on the use of real property in favor of the property owner. Any ambiguities in zoning provisions which restrict the use of one's land must be construed in favor of the land owner because the enforcement of such a provision is an exercise of police power that constricts property rights. And the local government's authority to regulate uses of land cannot be extended to include the authority to restrict uses not clearly proscribed in the ordinance.

While it is clear that the Village gave careful and deliberate consideration to Southgate's proposal, imposing restrictions and conditions which were not set forth in the zoning ordinance results in an *ad hoc* spot zoning. The imposition of non-existent restrictions or conditions are by definition arbitrary as there are no guidelines or factors for consideration set out in the code. There is no way for a property owner to anticipate what is a permitted use or what the limitations on a use may be.

The problem with the Village's argument is that section 1171.02(A)(4), contains no definition for term "limited" which supports its conclusions; nor are there guidelines as to what types of commercial uses are permitted and how they might be limited. And the code contains no criteria to guide Council in the exercise of its discretion.

While the Village argues that the restrictions were arrived [at] as a result of a fair and reasonable process, they are not based upon any authority in the code. Allowing Council to make its decisions on factors not enumerated in the code is an invitation to subjective and arbitrary evaluation of development plans.

Moreover, Village Council's reliance on its comprehensive plan to inject additional requirements or conditions into the zoning code is not permitted. A comprehensive plan "represents a community's policy toward public and private development, it is not, like a zoning regulation, a law." And even if Village Council were permitted to rely on its comprehensive plan in evaluating Southgate's plan, the only evidence was that the development

plan met the future land use intentions set forth in the comprehensive plan. The same is true in determining whether it was proper for Village Council to rely on any general statements of purpose and intent in the zoning code to conclude that an otherwise permitted use should be denied.  "To permit the Council to rely upon general aspirations would effectively abrogate the specific provisions which follow and grant the Council the ultimate authority to determine village planning, with no guidelines to inform their decisions.["] *South Park, Ltd. Vs. Council of Avon, 2006-Ohio-2846.*   (Footnotes omitted.)

{¶ 14} In reviewing the trial court's decision, we do not find it to be based on the unconstitutionality of Chapter 1171 of the Granville Planning and Zoning Code.  The trial court analyzed the applicable zoning code sections and found appellants' decision to be arbitrary and unsupported by the language therein.

{¶ 15} Upon review, we find the assignments of error do not raise issues challenging the trial court's actual decision.

{¶ 16} Assignments of Error I and II are denied.

{¶ 17} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/db 516